**Yvonne M. ALLEN, Plaintiff-Appellee,**

v.

**WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND, Defendant-Appellant.**

**No. 85–1760.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 1986.

Decided April 29, 1986.

As Modified on Denial of Rehearing June 26, 1986.

Gregory C. Cattermole, Redwood City, Cal., for plaintiff-appellee.

Robert A. Gordon, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant-appellant.

Before MERRILL, SNEED and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge.

The issue we address in this appeal is whether appellee, who is a putative spouse under California law, is entitled to collect benefits pursuant to an ERISA-covered pension plan that limits the class of beneficiaries to actual spouses.

### Facts

This is a sad case. Appellee, Yvonne Allen (at the time Yvonne Guillory), met Richard O. Allen in early 1979. The couple established a close relationship, but they were not married right away because Richard's divorce from a previous marriage had not become final. In June of 1980, Yvonne was advised that Richard's divorce had become final and the couple set about having a wedding: they bought wedding rings; announced their plans to family and friends; obtained blood tests. On June 6, 1980, Richard and Yvonne participated in a civil wedding ceremony in Reno, Nevada, and the following day family and friends attended a wedding reception at the home

of Yvonne's aunt. They honeymooned on a Carribean cruise; they received wedding gifts.

From that day forward, Richard and Yvonne lived together as man and wife. Yvonne changed her last name to Allen; she named Richard as beneficiary of her life insurance policy; the couple filed joint income tax returns. The record showed Yvonne to have been a devoted and faithful companion to Richard. During their nineteen months of marriage she was the family's principal breadwinner. When Richard fell seriously ill in December 1981, Yvonne nursed him, helping him eat, bathe and perform the other necessities of daily life. Despite these efforts, Richard died on January 12, 1982. On July 31, 1982, Yvonne gave birth to a son whom she named Richard O. Allen, Jr., after his deceased father.

Only after Richard's death did Yvonne learn that his divorce to the first Mrs. Allen had not become final by June 1980 and that her own marriage to Richard was therefore void.

Prior to his death, Richard had been a participant in the Western Conference of Teamsters Pension Trust Fund. Yvonne applied to the fund for death and survivor benefits. She would have been entitled to these benefits had she been a "surviving spouse" under the terms of the pension plan. However, section 21 of the plan provides as follows: "The term Surviving Spouse ... shall mean the person to whom the Vested Participant or Pensioner was married on the date of his death and throughout the one-year period ending on his death." Thus, the plan requires a surviving spouse to have actually been married to the participant, and the trustees have consistently read that provision strictly to require a legal marriage relationship. It is undisputed that Yvonne was never actually married to Richard. Rather, she held the status of putative spouse, one who believes in good faith, but mistakenly, that she is married. Cal.Civ.Code § 4452 (Deering 1984 & Supp.1986).

The Pension Fund denied Yvonne's claim on this basis. She brought this suit and,

after trial, the district court entered judgment in her favor. In reaching this decision, the district court determined that "California law has employed the putative spouse doctrine extremely generously, particularly as to property rights and benefits arising out of a marital relationship." *Allen v. Western Conference of Teamsters Pension Trust Fund,* No. C–83–3183 SC, slip op. at 5 (N.D.Cal. Mar. 1, 1985). The district court also awarded plaintiff costs and attorney's fees.

## Discussion

Section 4452 of the California Civil Code provides that where a marriage is void or voidable, but one or both of the spouses believed it to have been valid, a court may award that party or parties the status of putative spouse. Property acquired during the putative marriage ("quasi-marital property") is to be treated as if it were community property, and divided accordingly. California courts have used the concept of the putative spouse to untangle a variety of legal problems created by the absence of a valid marriage between parties. *See, e.g., Neureither v. Workmen's Compensation Appeals Board,* 15 Cal.App.3d 429, 93 Cal.Rptr. 162 (1971) (putative wife entitled to California workmen's compensation death benefits); *In re Krone's Estate,* 83 Cal.App.2d 766, 189 P.2d 741 (1948) (putative spouse entitled to take by intestacy on death of spouse); *Kunakoff v. Woods,* 166 Cal.App.2d 59, 332 P.2d 773 (1958) (putative wife may bring action for wrongful death of her putative husband); *Schneider v. Schneider,* 183 Cal. 335, 191 P. 533 (1920) (putative spouse has right to the share of assets acquired during course of relationship that would have been community property); *Adduddell v. Board of Administration,* 8 Cal.App.3d 243, 87 Cal.Rptr. 268 (1970) (putative spouse may claim death benefits under a public employees' benefit plan). However, appellee has cited no authority, and we have been unable to find any, indicating that putative spouses and legal spouses must be treated the same for all purposes.

**650**

The trust agreement here is a contract between private parties. Its terms are defined with some precision, drawing a variety of distinctions among those individuals who may and those who may not collect benefits. Thus, only individuals married to the beneficiary may collect as surviving spouses. Marriage is a status precisely defined in California and does not cover putative spouses. Cal.Civ.Code §§ 4100, 4101(a); *see People v. Keller*, 332 P.2d 174, 176, 165 Cal.App.2d 419, 423 (1958) (putative spouses not entitled to husband/wife privilege). Even within the class of legal spouses, only those who have been married for a year or more are covered by the trust agreement. Private parties are free to tailor their contracts in any manner that does not contravene public policy. We find nothing in California law prohibiting contract terms that give different treatment to putative spouses than to legal spouses. The express terms of the contract therefore govern and the decision of the trustees denying Yvonne Allen's benefits under the pension fund must be upheld. *See Malhiot v. Southern California Retail Clerks Union*, 735 F.2d 1133, 1135 (9th Cir.1984) (trustees of benefit fund may deny medical benefits to "spouse" not legally married to member of benefit fund), *cert. denied,* —— U.S. ——, 105 S.Ct. 959, 83 L.Ed.2d 965 (1985); *Rehmar v. Smith*, 555 F.2d 1362, 1372 (9th Cir.1977) (trustees may require "spouse" to be legally married in order to receive survivor's benefits from pension fund).[1]

## Conclusion

The judgment of the district court is reversed and the case is remanded with instructions to dismiss the complaint.

---

**1.** Because the issue was not raised or briefed by the parties, we do not address whether Mrs. Allen has any claim to the pension fund as quasi-marital property on account of contributions that may have been made during the puta-

tive marriage, *see Patillo v. Norris,* 65 Cal.App.3d 209, 135 Cal.Rptr. 210 (1976) (to the extent premiums were paid with community property, wife has claim to one-half of community property interest).