Gloria **SLADEK**, Plaintiff–Appellant,

v.

**BELL SYSTEM MANAGEMENT PENSION PLAN**, Defendant–Appellee.

No. 88–1971.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 5, 1988.

Decided July 27, 1989.

As Corrected July 31, 1989.

Mark S. Schaffner, Potter & Schaffner, Chicago, Ill., for Gloria Sladek.

Charles C. Jackson, Gary S. Kaplan, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Raymond A. Ledogar, Berkeley Heights, N.J., for Bell System Management Pension Plan.

Before BAUER, Chief Judge, EASTERBROOK, Circuit Judge, and GRANT, Senior District Judge.[*]

GRANT, Senior District Judge.

The appellant, Gloria Sladek, filed the instant action in district court under the Employee Retirement Income Security Act ("ERISA" or "the Act"), 29 U.S.C. §§ 1001–1461, to set aside her husband's pension election as voidable due to incompetency. Mr. Sladek, a qualified participant in an employee benefit plan governed by the Act, elected to forego the survivor annuity option offered by the defendant-plan, the Bell System Management Pension Plan ("the Plan"), in order to receive full pension benefits during his lifetime. The appellant brought this suit as a potential beneficiary pursuant to 29 U.S.C. § 1132(a)(1)(B), alleging that Mr. Sladek suffered from Alzheimer's Disease at the time he declined the survivor annuity and was incompetent to make a valid election as a result of his condition. Inasmuch as the Plan presumes that the survivor annuity is selected unless expressly declined, the appellant argues that she is entitled to an annuity by reason of the voidable election. The district court dismissed the appellant's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that the appellant was not a beneficiary under the Act and therefore lacked standing to challenge the validity of the election. We reverse and remand to the district court, with instructions to order Mr. Sladek joined to the action pursuant to Fed.R.Civ.P. 19.

---

[*] Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

## I.

Henry Robert Sladek retired from the Western Electric Company on May 1, 1981 as a full service participant in the Bell System Management Pension Plan. As an employee benefit plan controlled by ERISA, the Plan grants participants a survivor annuity in the absence of an express election to receive full benefits. *See* 29 U.S.C. § 1055(a). If no election is made, the participant's monthly benefits are reduced by ten percent (10%) and the annuity is granted to a designated beneficiary. If the participant fails to name a beneficiary, the designation is made according to the terms of the Plan. Under the Plan, the surviving spouse is typically granted an annuity.

Prior to his retirement, Mr. Sladek elected to receive full benefits in lieu of the survivor annuity. Approximately four years later, the appellant challenged the validity of the election. After having exhausted her remedies under the internal system of review established by the Plan, the appellant filed this action in district court. The defendant moved to dismiss the second amended complaint on the grounds that: (i) the plaintiff-appellant was not a beneficiary under § 1002(8) and therefore lacked standing to prosecute the action; and (ii) Mr. Sladek was an indispensable party whose joinder was necessary under Fed.R.Civ.P. 19.

The district court ruled that the appellant was not a beneficiary as defined by § 1002(8)[1] and dismissed the second amended complaint with prejudice pursuant to Rule 12(b)(1). *Sladek v. Bell Sys. Management Pension Plan*, No. 87 C 6468, slip op. at 4–5, 1988 WL 33839 (N.D. Ill. April 6, 1988). The district court did not reach the indispensable party issue, stating that "the court will not address the merits of the Rule 12(b)(7) motion." *Id.* at 2 n. 1. The district court acknowledged that it must accept "all well-pleaded factual allegations of the complaint as true" on a motion to dismiss, *id.* at 2, but distinguished between purely factual allegations,

such as those relating to Mr. Sladek's illness, and "conclusory allegations" surrounding "the legal effect of plaintiff's claim that her husband had Alzheimer's disease." *Id.* at 3. The district court concluded that the allegations of incompetency, which, in turn, fuelled the appellant's argument that the election was voidable and bestowed standing upon her as a potential beneficiary, need not be taken as true. *Id.* Insofar as the appellant was not a designated beneficiary and standing was predicated upon "an assumed evidentiary finding in [her] favor," the district court concluded that the appellant lacked standing. *Id.* at 4. The second amended complaint was dismissed with prejudice pursuant to Rule 12(b)(1) because the "plaintiff no longer has standing to bring a motion to amend her second amended complaint to add a party who meets the standing provisions of ERISA." *Id.* at 5. The appellant subsequently filed a timely notice of appeal on May 19, 1988.

## II.

▮ Two issues have been raised throughout the course of this litigation: (i) whether the appellant has standing to challenge the validity of the election made by her husband; and (ii) whether Mr. Sladek is an indispensable party under Rule 19. We will address each of these issues in turn.

The question of whether the spouse of a plan participant, who would normally have standing but for the disputed election by the participant, continues to have standing to challenge an election is one of first impression in this Circuit. In fact, neither the briefs of the parties nor our own independent research have been able to identify a case that is precisely on point. Given the pristine nature of our field of inquiry, we are mindful of the need for deliberate and exacting analysis, careful not to overlook subtle, though often critical, distinctions.

As the district court recognized, it is axiomatic that a "court must accept all well-pleaded factual allegations of [sic] a

---

1. 29 U.S.C. § 1002(8) defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."

complaint as true" "[f]or the purposes of resolving a motion to dismiss." *Id.* at 2. *See also Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 733 (7th Cir. 1986), *cert. denied,* 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987); *Republic Steel Corp. v. Pennsylvania Eng'g Corp.,* 785 F.2d 174, 182–83 (7th Cir.1986). From that premise, however, the district court went on to conclude that the appellant's "claim of incompetency and voidability are in fact conclusory allegations concerning the legal effect of plaintiff's claim that her husband had Alzheimer's disease" and "[o]nly this latter fact must be taken as true for the purposes of this motion." *Sladek,* slip op. at 3.

In support of its conclusion, the district court cites our decision in *Republic Steel Corp. v. Pennsylvania Eng'g Corp.,* 785 F.2d at 174, in which we stated that a court is "not bound by the legal characterization [the plaintiff] gives [to the] ... facts." *Id.* at 183. A careful reading of that decision, however, indicates that the rule enunciated in *Republic Steel* does not mandate the ruling below. In *Republic Steel,* the plaintiff sought to recover in tort for damages alleged to have been incurred during the installation of a pair of furnaces. *Id.* at 176. The district court dismissed the negligence and product liability claims pursuant to Fed.R.Civ.P. 12(b)(6), with this Court affirming on the ground that the district court was not bound by the plaintiff's "legal characterization" of his claims as sounding in tort when, in fact, the claims were essentially contractual in nature. *Id.* at 184. That is, dismissal was proper under Rule 12(b)(6), because the factual allegations contained in the complaint, *when taken as true,* did not state a claim upon which relief could be granted *in tort.*

Our decisions have consistently held that the allegations in the complaint must be taken as true when ruling upon a motion to dismiss. *See Morgan v. Bank of Waukegan,* 804 F.2d 970, 973 (7th Cir.1986) ("plaintiffs' allegations must be accepted as true"). In *Evans v. First Fed. Sav. Bank of Ind.,* 669 F.Supp. 915 (N.D.Ind. 1987), the district court correctly noted that "when ruling on a 12(b)(1) dismissal, the trial court 'must accept as true *all* allegations of the complaint in favor of the complaining party.'" *Id.* at 917 (quoting *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975)) (emphasis added). If the allegations in the appellant's second amended complaint are taken as true, it seems clear that the appellant has standing as a potential beneficiary under the Act. *See* 29 U.S.C. § 1002(8). The district court refused to find that the appellant had standing on the ground that "plaintiff asks the court to find jurisdiction on the basis of an assumed evidentiary finding in plaintiff's favor," *i.e.,* that the election made by Mr. Sladek was voidable due to incompetency, and reasoned that "this court cannot allow plaintiff to have ERISA standing under such malleable circumstances." *Sladek,* slip op. at 4. While we acknowledge that the complexity of this issue has led to less than uniform results in other federal courts, we cannot accept the district court's analysis.

In *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d at 732, a decision that seems dispositive of the instant appeal, the plaintiffs filed suit as fiduciaries under § 1002(9) of the Act. As in the instant case, standing turned upon whether the facts as alleged in the complaint were true. If so, the plaintiffs qualified as fiduciaries and had standing to bring the action. If not, the plaintiffs lacked standing. In short, standing was based upon the sort of "assumed evidentiary finding in plaintiff[s'] favor," *Sladek,* slip op. at 4, that the district court found to be present in this case. This Court ruled, however, that "[w]e think that the allegations in plaintiffs' complaint ... show that plaintiffs may well be able to prove that the corporate plaintiffs were fiduciaries and thus had standing to bring the action." *Ed Miniat,* 805 F.2d at 735. We now reaffirm our adherence to the principle enunciated in that decision.

The appellant has alleged that: (i) Mr. Sladek was a participant in the defendant Plan; (ii) the Plan provides that a participant will be presumed to have selected a survivor annuity unless that option is expressly declined; (iii) Mr. Sladek elected to receive full pension benefits in lieu of the survivor annuity; (iv) Mr. Sladek suffered from Alzheimer's Disease at the time he made his election; (v) Mr. Sladek was incompetent to make a valid election because of his condition; (vi) Mr. Sladek's decision to receive full benefits is voidable by reason of his incompetency; (vii) in the absence of a valid election, the Plan grants a participant a survivor annuity; and (viii) as the spouse of a participant, the appellant is a potential beneficiary under the terms of the Plan.

Given the specificity of the allegations in the second amended complaint, the district court's characterization of the allegations as "conclusory" is misplaced. Like the *Ed Miniat* Court, we believe that the appellant "may well be able to prove" that Mr. Sladek was incompetent at the time he made his election and that the appellant has standing as a beneficiary by reason of the voidable election.[2] *Id.*

Such an approach is consistent with both the language and the legislative history of the Act. This Court has only recently pointed out that "[t]he purposes of ERISA are twofold, to protect interstate commerce and the participants and beneficiaries of such plans." *Smart v. State Farm Ins. Co.*, 868 F.2d 929, 933 (7th Cir.1989). *See also Firestone Tire & Rubber Co. v. Bruch*, —— U.S. ——, ——, 109 S.Ct. 948, 955, 103 L.Ed.2d 80, 94 (1989); *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). Section 1001(b) of the Act expressly declares that:

It is ... to be the policy of this Act to protect ... the interests of participants in employee benefit plans and their bene-

ficiaries ... by providing ... ready access to the Federal courts.

29 U.S.C. § 1001(b).

We believe that the district court narrowed the standing provisions in ERISA unnecessarily. Although ERISA is a "comprehensive and reticulated statute," *Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 361, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980), and we should therefore decline any invitation to interpret the statute broadly, we are not required, and it is not proper for us, to give an unduly cramped reading to those provisions granting standing to certain classes of persons under the Act, *i.e.*, participants, beneficiaries, and fiduciaries. 29 U.S.C. § 1132(a)(2). As we observed just last year, this Court has consistently given the definition of "fiduciary" found in § 1002(9) a "broad reading." *Mutual Life Ins. Co. of N.Y. v. Yampol*, 840 F.2d 421, 425 (7th Cir.1988). *See Ed Miniat*, 805 F.2d at 735; *Leigh v. Engle*, 727 F.2d 113, 133–34 (7th Cir.1984); *Schulist v. Blue Cross of Iowa*, 717 F.2d 1127, 1131 (7th Cir.1983); *Chicago Bd. of Options Exch. v. Connecticut Gen. Life Ins. Co.*, 713 F.2d 254, 258–60 (7th Cir.1983); *Thornton v. Evans*, 692 F.2d 1064, 1077 (7th Cir.1982). We find no reason to read § 1002(8) any less broadly. ERISA was not designed to protect merely those beneficiaries already receiving benefits, but also *"putative* beneficiaries." *Smart*, 868 F.2d 933 (emphasis added). The Conference Report on the statute clearly states that "civil actions may be brought by a ... beneficiary ... to *clarify* rights to receive *future* benefits under the plan...." H.R.Conf.Rep. No. 93–1280, p. 327 (1974) (quoted in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 55, 107 S.Ct. 1549, 1557, 95 L.Ed.2d 39 (1986)) (emphasis added). *See generally* S.Rep. No. 127, 93d Cong., 1st Sess. (1973), *reprinted in* 1974 U.S.Code Cong. & Admin.News 4838; H.R. Rep. No. 533, 93d Cong., 1st Sess. (1973), *reprinted in* 1974 U.S.Code Cong. & Ad-

---

**2.** By ruling that the appellant has standing to prosecute the instant action, this Court is not suggesting that Mr. Sladek was incompetent at the time he made his election or that the appel-

lant is entitled to a survivor annuity under the Plan. Indeed, this Court is expressly refraining from offering its judgment on the merits of this action.

min.News 4639; *see also Mutual Life,* 840 F.2d at 425; *Thornton,* 692 F.2d at 1079.

In *Vilas v. Lyons,* 702 F.Supp. 555 (D.Md.1988), the spouse of a plan participant brought an action alleging that her waiver of rights to an annuity under 29 U.S.C. § 1055(e) was void and that she remained a beneficiary. *Id.* at 558–62. The district court held that her waiver *was valid* and dismissed the suit for lack of standing. *Id.* at 562. By negative implication, *Vilas* stands for the proposition that the spouse of a plan participant is a beneficiary under ERISA and that, absent a *valid* waiver or election, the spouse has standing to maintain an action under § 1132(a).[3] *See also Operating Eng'rs Local #428 Pension Trust Fund v. Zambrosky,* 650 F.2d 196, 201 (9th Cir.1981); *Gilquist v. Becklin,* 675 F.Supp. 1168, 1169 (D.Minn. 1987).

The Third Circuit has taken an even more expansive reading of the standing provisions in ERISA, citing the language of the Ninth Circuit to the effect that "a party has standing to sue ... if his alleged injury 'fall[s] arguably within the zone of interests protected by the statute allegedly violated,' so long as 'the statute itself does not preclude the suit.' " *Northeast Dept. ILG-WU Health & Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund,* 764 F.2d 147, 152 (3d Cir.1985) (quoting *Fentron Indus. v. National Shopmen Pension Fund,* 674 F.2d 1300, 1304 (9th Cir. 1982)). *See also International Ass'n of Bridge, Structural & Ornamental Iron Workers Local No. 111 v. Douglas,* 646 F.2d 1211 (7th Cir.1981), *cert. denied,* 454 U.S. 866, 102 S.Ct. 328, 70 L.Ed.2d 166 (1981); *In re Estate of Sheppard,* 658 F.Supp. 729, 734 n. 9 (C.D.Ill.1987).

In searching for the appropriate method of analysis, we look to the Ninth Circuit decision in *Allen v. Western Conference of Teamsters Pension Trust Fund,* 788 F.2d 648 (9th Cir.1986). In *Allen,* the plaintiff married a plan participant in a civil ceremo-

ny. *Id.* Following the death of the participant, the plaintiff petitioned for benefits as the surviving spouse and beneficiary under the plan. *Id.* at 649. The Ninth Circuit held that ERISA beneficiaries are limited to actual spouses and, insofar as the participant's divorce had not become final as of the time of his second marriage, his marriage to the plaintiff was void. *Id.* As such, the plaintiff was merely a "putative spouse" and lacked standing under the Act. *Id.* at 649–50.

What is crucial for our purposes is the fact that, on its face, the complaint in *Allen* appeared to be a routine claim for benefits by the surviving spouse in her capacity as beneficiary. *Id.* at 649. The Ninth Circuit was willing to pierce the surface of the complaint, however, and examine the validity of the underlying agreement (the marriage) which gave rise to the plaintiff's status as a beneficiary. The *Allen* Court held, of course, that the agreement, *i.e.,* the marriage, was void and that the plaintiff lacked standing. *Id.* at 650. In the instant case, the district court terminated its analysis upon a superficial reading of the complaint. The plaintiff was not "designated ... as a beneficiary" by her husband and therefore lacked standing. *Sladek,* slip op. at 3. If the district court had followed the approach taken in *Allen,* it would have examined the validity of the underlying agreement (in this case, the election by Mr. Sladek) which *deprived* the appellant of standing. If the agreement, *i.e.,* the election, is voidable, the appellant might well have standing as a beneficiary under the Act.

We believe *Allen* to be on the side of the angels in this instance. It seems strange to argue that the reference to "beneficiaries" in § 1002(8) is limited to *designated* beneficiaries—apparently even if the very designation denying one status as a beneficiary is voidable. First, we would simply note that Congress is no less able to

---

**3.** Section 1132(a) provides, in pertinent part:
   A civil action may be brought
   (1) by a participant or beneficiary
   (B) to recover benefits due to him under the terms of his plan, to enforce his rights
under the terms of the plan, *or to clarify his rights to future benefits under the terms of the plan.*
29 U.S.C. § 1132(a)(1)(B) (emphasis added).

utilize the English language than the courts, and, if Congress had meant to limit § 1002(8) to designated beneficiaries, it need only have done so. More importantly, we can imagine a situation in which the plan participant is, by all accounts, mad and elects to receive full pension benefits in his fit of madness. We can further imagine a plan review board, whether through personal animus, sheer caprice, or simple mistake, denying a petition to have the participant's election set aside. Surely no court would bar such a plaintiff from federal court because standing was based upon an "assumed evidentiary finding in [plaintiff's] favor." *Id.* at 4. Perhaps it could be argued that the court's imagination is too vivid[4] and that the situation posed is not the case before this Court, but it is drawing upon the paradigm that the bankruptcy of the competing analysis is exposed. It is simply not reasonable to dismiss the instant complaint on standing grounds. To deny that the instant appellant has standing would be to deny that all potential beneficiaries have standing so long as an election, however invalid, had been made. This, we think, would elevate the making of an election to a ritualistic talisman, and this we are not willing to do.

The very meaning of declaring an act or instrument voidable is to say that the act or instrument "may be avoided, or declared void," although "not absolutely void, or void in itself." Black's Law Dictionary 1411 (5th ed. 1979). Insofar as no evidence has been adduced to prove that Mr. Sladek was incompetent at the time he made his election, no one—not the defendant, the district court, nor the members of this Court—can form a judgment as to whether he was legally competent when he elected to forego the survivor annuity option upon his retirement. The appellant's right to enter federal court stands or falls upon her assertion that her husband was incompetent at the time he made his election and the election is voidable as a result. To

deny her the opportunity to even appear in court is patently unjust and contrary to our decision in *Ed Miniat*, 805 F.2d at 735.

The cases cited by the district court, while appearing to call for dismissal, are, in fact, easily distinguished on the facts. In *Lerra v. Monsanto Co.*, 521 F.Supp. 1257 (D.Mass.1981), the spouse of a deceased participant tried to have his election set aside under a variety of theories. *Id.* at 1259–63. The district court ruled that it lacked jurisdiction to hear the case because "Mrs. Lerra is *not* a beneficiary under the plan." *Id.* at 1263 (emphasis in original). The complaint in *Lerra*, however, made "no *allegation* that Mrs. Lerra fits the definition of beneficiary...." *Id.* (emphasis in original). Here, the appellant explicitly bases her claim upon her standing as a beneficiary under § 1002(8).

In *Francis v. United Technologies Corp.*, 458 F.Supp. 84 (N.D.Cal.1978), the district court concluded that "ERISA does not supply a right of action against a retirement plan to a non-employee spouse and, therefore, ... this Court does not have jurisdiction to hear the present claims." *Id.* at 87. The plaintiff in *Francis*, however, had not been "designated [as a beneficiary] by her husband *or the plan*." *Id.* (emphasis added). Although the appellant was clearly not designated as a beneficiary by her husband, she *was* a beneficiary under the Plan in the absence of a valid election.

The case most heavily relied upon by both the defendant and the district court is that of *Freeman v. Jacques Orthopaedic & Joint Implant Surgery Medical Group, Inc.*, 721 F.2d 654 (9th Cir.1983). In *Freeman*, a plan participant waived his right to benefits under the plan. *Id.* at 655. Later, the participant claimed that his waiver was invalid due to material misrepresentations by the defendants. *Id.* The Ninth Circuit affirmed the district court's dismissal for want of subject matter jurisdiction, observ-

---

**4.** One need only consider less extreme situations, in which the plaintiff claims that undue influence, fraud, or, as in the instant case, simple incompetency made the election void or voidable, to understand that the principle em-

braced by the district court is defective. It is by way of the more outrageous scenario, however, that the implications of such a principle are fully understood.

ing that "the District Court had jurisdiction to find in his favor but not against him," *id.* at 656, and the district court cited this language as persuasive in dismissing the appellant's second amended complaint. *Sladek,* slip op. at 4. The critical distinction is that in *Freeman,* "[e]ven if Freeman were to *win* his claim ... he would not become a 'participant.'" *Freeman,* 721 F.2d at 655 (emphasis added). *Accord Loechl v. Illinois Bell Tel. Co.,* 648 F.Supp. 1178, 1180 (N.D.Ill.1986). In the instant case, if the appellant were to be successful in proving her allegations, she *would* become a presumptive beneficiary under the Act.

We are sensitive to the concerns of the district courts, which are our concerns as well, that the ERISA standing provisions not be interpreted too broadly. We are equally concerned, however, that standing not be restricted unnecessarily solely to make the workload of the federal courts more manageable. The Supreme Court has recently observed that "[t]o say a 'participant' is any person who claims to be one begs the question of who is a 'participant' and renders the definition set forth in § 1002(7) superfluous." *Firestone Tire & Rubber Co. v. Bruch,* —— U.S. at ——, 109 S.Ct. at 957, 103 L.Ed.2d at 97. Quite so. The same may, of course, be said for the definition of a beneficiary set forth in § 1002(8). The district court was correct insofar as it reasoned that standing required more than a naked claim that one was a beneficiary under ERISA. The appellant is no stray plaintiff, however, but the spouse of the participant. ERISA requires that a beneficiary be designated by a participant or by a qualified employee pension plan. Such plans typically limit beneficiaries to spouses or dependents, thereby eliminating most potential plaintiffs at the outset. Furthermore, the potential beneficiary must allege facts sufficient to set aside an election if proven at trial. As the court indicated in *Firestone,* "[i]n order to establish that he or she 'may become eligible' for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be ful-

filled in the future." —— U.S. at ——, 109 S.Ct. at 958, 103 L.Ed.2d at 97. Given the fact that a claimant need only have a "colorable claim" that he might prevail, we believe that the most useful weapon in weeding out frivolous claims is not Rule 12(b)(1) but Rule 12(b)(6). Rule 12(b)(1) casts its net too widely to serve anything more than a limited role in controlling the influx of ERISA cases into the federal courts. We are confident that the combination of 29 U.S.C. § 1132(a) and Federal Rule of Civil Procedure 12(b)(6) will serve to prevent the federal courts from being overwhelmed by meritless ERISA claims.

We are, at bottom, compelled to conclude that the district court assumed the very matter at issue, *i.e.,* the validity of the election by Mr. Sladek. Under the guise of neutrality, the rule adopted by the district court in fact betrays an implicit finding that the election was valid. As one district court has noted, "[f]irst, they [the designated beneficiaries] contend that she [the plaintiff-spouse] is not a beneficiary and therefore lacks standing to bring an action under ... ERISA. This reasoning begs the question: If [the plaintiff] is a beneficiary, as she asserts, then she does have standing." *Art Builders Profit Sharing Plan v. Bosely,* 649 F.Supp. 848, 851 (D.Md. 1986). We find that the appellant has standing as a potential beneficiary within the meaning of 29 U.S.C. § 1002(8) and the dismissal of the second amended complaint pursuant to Fed.R.Civ.P. 12(b)(1) was error.

■ Inasmuch as we may affirm on any grounds that are supported by the record, *see, e.g., Bennett v. Tucker,* 827 F.2d 63, 70 (7th Cir.1987); *Boruski v. United States,* 803 F.2d 1421, 1427 (7th Cir.1986), we are obliged to examine the question left open by the district court, *i.e.,* whether the action should be dismissed pursuant to Fed. R.Civ.P. 12(b)(7) for failure to join an indispensable party. The defendant maintains that dismissal with prejudice is appropriate, as the appellant has thrice failed to join Mr. Sladek to the action in conformity with Fed.R.Civ.P. 19. Rule 19 provides that:

(a) Persons to be Joined if Feasible. A person who is subject to service of pro-

cess and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been joined, the court shall order that the person be made a party.

Fed.R.Civ.P. 19(a).

Mr. Sladek is clearly subject to service of process and, since subject matter jurisdiction is predicated upon a federal statute, 29 U.S.C. § 1132(e)(1),[5] his joinder will not deprive the district court of jurisdiction over the action. Furthermore, the appellant concedes that a judgment in her favor would require a 10% reduction in Mr. Sladek's current and future pension benefits, as well as restitutionary payments in an amount equal to 10% of all previously-received pension monies. Given the significant impact a judgment in favor of the appellant would have on Mr. Sladek, it is clear that he has "an interest relating to the subject matter of the action and is so situated that the disposition of the action in [his] absence may ... impair or impede [his] ability to protect that interest." Fed. R.Civ.P. 19(a)(2)(i). When confronted with a similar situation in *Francis*, the district court concluded that "[t]he husband was not joined as a defendant in this action, but, it is his plan and part of the intent behind ERISA was to insure that his assets would remain intact. He therefore has an interest in this action." *Francis*, 458 F.Supp. at 87. *See also Martin v. Wilks*, — U.S. —, —, 109 S.Ct. 2180, 2185, 104 L.Ed.2d 835 (1989). We, too, conclude

that the husband-participant, in this case Mr. Sladek, is an indispensable party within the meaning of Rule 19 and must be joined to the action.

■ Our determination that Mr. Sladek is an indispensable party does not complete our inquiry, however, for we must further decide whether the failure to join Mr. Sladek requires that the appellant's second amended complaint be dismissed with prejudice. Although we are convinced that a sound litigation strategy would have included the joining of Mr. Sladek to the action, there are a number of factors militating against an affirmance of the district court decision. First, the district court expressly refrained from ruling on the Rule 12(b)(7) motion. *Sladek*, slip op. at 2 n. 1 ("the court will not address the merits of the Rule 12(b)(7) motion"). Respect for the district courts suggests that, in the ordinary course, we should permit them to decide an issue before we enter the fray. Second, and more importantly, the district court never ordered the appellant to join Mr. Sladek as required by Fed.R.Civ.P. 19(a). Rule 19(a) declares: "If the [indispensable] person has not been so joined, the court *shall* order the person to be made a party." Fed.R.Civ.P. 19(a) (emphasis added). The dismissal of a complaint for failure to join an indispensable party is entirely appropriate under Rule 12(b)(7), but dismissal *with prejudice* should ordinarily result only after the court has ordered the party joined and the plaintiff has failed to do so. For a plaintiff to be denied access to our courts simply because he arrived at a different conclusion than the court, even this Court, is an unfair burden that might well result in unnecessary parties being named simply as a precaution. We need not elaborate here on the undesirable effects of such a practice. Had the district court based its ruling on Rule 19 rather than Rule 12(b)(1), the appellant would have had the opportunity to join Mr. Sladek to the action. The appellant ought not to have less of an opportunity merely

5. Section 1132(e) grants the district courts of the United States jurisdiction over civil actions

brought pursuant to § 1132(a).

because this court, rather than the district court, found Mr. Sladek to be indispensable to the litigation. Finally, we point to the following rather confusing, and perhaps unintentionally misleading, colloquy between the district court and counsel at the pretrial conference:

> Mr. Schaffner: [O]ne of the primary things we wanted to do, your Honor, is bring in the husband, since he obviously has an interest in the proceedings. I think he should at least have notice of what is going on.
>
> \* \* \* \* \* \*
>
> Mr. Kaplan: Your Honor, the defendant's position is, obviously, that their positions are adverse. She is seeking to reduce his current pension in order to augment her annuity upon his death.
>
> The Court: No, they are not adverse.
>
> \* \* \* \* \* \*
>
> The Court: There are no adverse interests in this case. None.

It is certainly possible that the appellant interpreted the statements of the district court to mean that Mr. Sladek need not be named as a party to the action. In the absence of a clear signal from the district court, the appellant should not be barred from federal court simply for deciding against such a move. We are unwilling to punish the appellant for not anticipating what this Court might decide. Accordingly, we hereby REVERSE and REMAND the case to the district court for further proceedings not inconsistent with this decision.