Beth E. TESCH, Plaintiff,

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant and Third–Party Plaintiff,**

v.

**Wanda L. BRANDT, Kenneth R. Brandt, Jr. and Michael Brandt, Third–Party Defendants.**

No. 87–C–1036.

United States District Court, E.D. Wisconsin.

Aug. 3, 1989.

See also, 685 F.Supp. 1084.

Gimbel, Reilly, Guerin & Brown by Jeffrey A. Kaufman, Milwaukee, Wis., for plaintiff.

Seymour Pikofsky, Milwaukee, Wis., for Kenneth & Michael Brandt.

Michael, Best & Friedrich by Gary A. Aherns, Milwaukee, Wis., for Wanda Brandt.

Foley & Lardner by George D. Cunningham, Milwaukee, Wis., for General Motors.

Foley & Lardner by James O. Huber, Milwaukee, Wis., for Metropolitan Life.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Beth E. Tesch, claims to be the intended beneficiary of Kenneth Brandt's optional life insurance policy. She has filed this action pursuant to the Employment Retirement Income Security Act [ERISA], 29 U.S.C. § 1001 et seq., in order to collect the proceeds of said policy. One of the defendants, Metropolitan Life Insurance Company, has filed a third-party complaint against Wanda L. Brandt and her two sons, Kenneth R. Brandt, Jr. and Michael Brandt, who were the actual recipients of over $181,000, which is 90% of the proceeds of the optional life insurance policy. Metropolitan Life contends that in the event that it is found liable to Ms. Tesch, the third-party defendants would be unjustly enriched unless required to repay the proceeds. The third-party defendants have filed two separate motions to dismiss the third-party complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. For reasons stated herein, the motions will be denied.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the allegations of the complaint must be construed as true, and all reasonable inferences must be drawn in favor of the plaintiff. *Sladek v. Bell System Management Pension Plan*, 880 F.2d 972 (7th Cir.1989); *Meriwether v. Faulkner*, 821 F.2d 408, 410 (7th Cir.1987). A dismissal for failure to state a claim is in order only if the court determines that the claimant can prove no set of facts upon which relief can be granted. *First Interstate Bank of Nevada v. Chapman & Cutler*, 837 F.2d 775, 776 (7th Cir.1988). Metropolitan Life's third-party complaint contemplates the possibility that it may be found liable to Ms. Tesch pursuant to the allegations of her amended complaint.

In their motion to dismiss, the third-party defendants argue that even if Metropolitan Life is found to be liable to the plaintiff, no set of facts could be proved which would allow Metropolitan Life to obtain restitution from the third-party defendants. This contention is without merit.

■ The underlying allegations of the amended complaint are as follows: Kenneth Brandt, a plan participant, purchased two life insurance policies from Metropolitan Life through the General Motor Corporation's employee benefit plan. Both poli-

cies, one labeled a "basic policy" and the other an "optional policy," designated Wanda Brandt as the principal beneficiary. In May 1984, the insured, Kenneth Brandt, filled out a change of beneficiary form with the alleged intent of changing the principal beneficiary of both policies from Wanda Brandt to Beth E. Tesch. However, only the basic policy was changed. The plaintiff alleges that Kenneth Brandt was not informed that he was required to file two change of beneficiary forms in order to change the beneficiaries on both of his policies. After Kenneth Brandt died in the fall of 1985, Metropolitan Life paid the proceeds of the basic policy to the plaintiff and 90% of the proceeds of the optional policy to the third-party defendants. The plaintiff did not make a claim for the proceeds of the optional policy until a year after Metropolitan Life had paid $181,000 to Wanda Brandt and her two sons.

The amended complaint alleges that Metropolitan Life is liable to Beth Tesch under ERISA on two grounds. First, that the decision of Metropolitan Life not to pay the plaintiff the proceeds of the optional policy was arbitrary, motivated by bad faith, and constituted a breach of its fiduciary duties as set forth in § 1104(a)(1). Second, that the employee benefit plan provided to Kenneth Brandt by Metropolitan Life failed to disclose the proper procedures to be followed in order to change the beneficiaries of his policies; the plaintiff charges that this constituted a violation of the disclosure requirements set forth in §§ 1021 and 1022 and was the direct cause of damage to the intended beneficiary. *See Genter v. Acme Scale & Supply Co.*, 776 F.2d 1180, 1186 (3rd Cir.1985).

While there are allegations of fiduciary failures on the part of Metropolitan Life, it is also true that when the insurer paid the proceeds to the Brandts it was complying with the literal terms of the contract; no change of beneficiary had actually ever been consummated with regard to the optional policy.

If the facts determined at trial prove that the plaintiff was and is entitled to the proceeds of the optional policy, it follows that the Brandts were not so entitled. Assuming the truth of the allegations of wrongdoing on the part of Metropolitan Life, it would be clearly inappropriate for the court to rule at this juncture that no set of facts could be shown that Metropolitan Life in good faith paid the wrong party. Similarly, after the trial, the court will be in a better position to balance the equities and to determine whether the Brandts should be relieved of a duty to return the proceeds if it is found that they were not entitled to such money in the first place.

■ The Brandts claim that they have spent the insurance proceeds and to return the money "would virtually bankrupt them." They contend, with equal ineffectiveness, that Metropolitan Life is "far better able to bear the burden of any loss." Just because a court has equitable powers does not mean it should exercise them in such an improper manner.

■ The Brandts also argue that the third-party complaint should be dismissed because Ms. Tesch lacks standing to bring the underlying claim. This argument is without merit. A beneficiary has standing to bring an action under ERISA. 29 U.S.C. § 1132(e)(1). "The term 'beneficiary' means a person designated by a participant ... who is or may become entitled to receive a benefit." 29 U.S.C. § 1002(8). Ms. Tesch is a beneficiary of Kenneth Brandt's employee benefit plan because she was specifically designated so in his basic life insurance policy. By way of the amended complaint, Ms. Tesch also seeks to "become entitled to receive [the] benefit[s]" of the optional life insurance policy. Clearly she has standing. See *Sladek*, supra, 880 F.2d at 978–80.

Therefore, IT IS ORDERED that the third-party defendants' motions to dismiss the third-party complaint against them pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, be and hereby are denied, with costs.

## ORDER

On August 1, 1989, I filed a decision and order in this case. The next day, I received

the decision of the Court of Appeals for the Seventh Circuit in *Sladek v. Bell System Management Pension Plan,* 880 F.2d 972 (7th Cir.1989). While the result of my ruling on August 1, 1989, is not altered by *Sladek,* it prompts me to make several changes in that decision and order.

Therefore, IT IS HEREBY ORDERED that the decision and order dated August 1, 1989, be and hereby is withdrawn and replaced by the annexed decision and order dated August 3, 1989.