Mark **DELLER**, Dale **Halm**, Wayne **Hanville**, Don **Lowe**, Bob **Newman**, Maurie **Shick**, Werner **Stork**, and Jack **Warren**, Plaintiffs,

v.

**PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation, Defendant.**

Civ. No. 89–1146–FR.

United States District Court, D. Oregon.

Dec. 21, 1989.

---

Timothy J. Vanagas, Jennings, Vanagas & Lowe, Gresham, Or., for plaintiffs.

William B. Crow, Bruce A. Rubin, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the motion of defendant, Portland General Electric Company (PGE), to dismiss the complaint (# 4).

## ALLEGATIONS OF THE COMPLAINT

This is an action brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Plaintiffs, Mark Deller, Dale Halm, Wayne Hanville, Don Lowe, Bob Newman, Maurie Shick, Werner Stork and Jack Warren allege that they are former employees of PGE who were terminated pursuant to a Reduction in Force (RIF) policy between January 1, 1983 and December 31, 1987.

Plaintiffs allege that at all material times, PGE maintained a pension plan; that at the time of their termination, each of the plaintiffs was vested under the pension plan; and that on January 1, 1988, PGE improved its pension plan benefits so that PGE employees terminated after December 31, 1987 are eligible to receive increased pension benefits.

Plaintiffs allege that PGE purposefully delayed the effective date of the modifications to the pension plan in order to ensure that they were not on the payroll as of January 1, 1988, and thus were not entitled to enhanced pension benefits.

Plaintiffs also allege that PGE treated some of the employees who were terminated in the RIF program more favorably than plaintiffs by allowing these employees to take accrued vacation pay over a period of time rather than in a lump sum payment, and by crediting accrued vacation time in determining "years of service" under the pension plan. Plaintiffs allege that as a result, other employees were still on the payroll as of January 1, 1988, and were thus entitled to increased pension benefits.

Plaintiffs allege that PGE intentionally discriminated against them in order to deprive them of increased pension benefits.

## ANALYSIS AND RULING

PGE moves to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) and (6) on the grounds that there is no subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted. Both of these grounds are based on the contention that plaintiffs lack standing to allege an ERISA claim.

In order to bring a civil action under ERISA, plaintiffs must be participants in the plan under which they seek benefits. 29 U.S.C. § 1132(a). The term "participant" means:

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7).

The Supreme Court recently ruled that the term "participant" does not include every person who claims to be one, but only:

> "employees in, or reasonably expected to be in, currently covered employment," or former employees who "have ... a reasonable expectation of returning to covered employment" or who have "a colorable claim" to vested benefits, *Kuntz v. Reese,* 785 F.2d 1410, 1411 [9th Cir.], *cert. denied,* 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986).

*Firestone Tire and Rubber Co. v. Bruch,* —— U.S. ——, 109 S.Ct. 948, 957–58, 103 L.Ed.2d 80 (1989) (citations omitted).

As these plaintiffs are clearly not employees who are in currently covered employment or who have a reasonable expectation of returning to covered employment, the only possible basis for them to claim standing is that they have a colorable claim to vested benefits. The *Firestone* decision

does not give much guidance regarding the nature of a colorable claim to vested benefits. However, the Seventh Circuit recently indicated that in order to have a colorable claim, a plaintiff must allege facts sufficient to establish a claim for benefits. *Sladek v. Bell System Management Pension Plan*, 880 F.2d 972, 979 (7th Cir. 1989).[1]

Thus, the court must determine whether plaintiffs have alleged facts which state a claim upon which relief can be granted under ERISA. On a motion to dismiss a cause of action under Fed.R.Civ.P. 12(b)(6), the court views the complaint in the light most favorable to the pleader and must generally accept as true the facts alleged. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). The court should dismiss a complaint for failure to state a cause of action only when it appears beyond doubt that the plaintiff can prove no set of facts supporting relief on the complaint. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957).

Plaintiffs present two theories for relief. First, the plaintiffs allege that PGE purposefully delayed the effective date of the modification of its pension plan in order to ensure that the plaintiffs were terminated before the date the enhanced benefits became effective. These facts have not been found to support a claim under ERISA in the reported cases. *See, e.g., Stanton v. Gulf Oil Corp.*, 792 F.2d 432 (4th Cir.1986) (employee voluntarily retired before pension benefits were improved); *Joseph v. New Orleans Elec. Pension and Retirement Plan*, 754 F.2d 628 (5th Cir.), *cert. denied*, 474 U.S. 1006, 106 S.Ct. 526, 88 L.Ed.2d 458 (1985).

Second, the plaintiffs allege that PGE discriminated in the way it calculated termination dates. Plaintiffs allege that PGE permitted some employees terminated in the RIF program to receive accrued vacation pay over a period of time so that technically they were on PGE's payroll on January 1, 1989. Plaintiffs contend that PGE denied them such treatment in order to deprive them of the enhanced pension benefits.

Plaintiffs may be able to state a claim under ERISA by alleging that if PGE had treated them the same as similarly situated employees, they would have been on the payroll on January 1, 1988 and would be eligible for the improved benefits. However, plaintiffs do not allege that they would have been employed on January 1, 1988 if their vacation time had been credited in the same way as other employees. Therefore, plaintiffs do not state a claim under their second theory.

Plaintiffs contend that they should be treated as participants because they are presently receiving monthly benefits under the pension plan. They argue that their case is distinguishable from cases such as *Kuntz v. Reese*, 785 F.2d 1410 (9th Cir.), *cert. denied.*, 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986), and *Joseph, supra*, where the plaintiffs had previously received their entire pension benefit in the form of a lump sum payment. However, there is no allegation in the complaint that the plaintiffs are currently receiving benefits under the pension plan.

Moreover, it is questionable whether plaintiffs' receipt of benefits under the original pension plan would give them standing to claim benefits under the modified pension plan if they were never eligible under the modified pension plan. The reported cases have denied standing where an employee was terminated before the adoption of a change in benefits. *See Stanton, supra*, 792 F.2d at 435; *Joseph, supra*, 754 F.2d at 630.

The court finds that the complaint does not state a claim under ERISA, and therefore PGE's motion to dismiss is granted. However, as it appears that plaintiffs may be able to allege facts which state a claim under ERISA, the court grants plaintiffs leave to amend the complaint.

---

1. The *Sladek* court stated that a motion under Rule 12(b)(6) rather than a motion under Rule 12(b)(1) is the most useful weapon in weeding out frivolous claims for ERISA benefits. 880 F.2d at 979.

## CONCLUSION

PGE's motion to dismiss the complaint (#4) is granted. Plaintiffs are granted leave to file an amended complaint.