993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Hajar MALIK, Plaintiff-Appellant,
v.
Louis BUTLER, Defendant-Appellee.
 No. 92-2768.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.*
Decided May 17, 1993.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 91 C 1361; Charles R. Norgle, Judge.
 
 
 1
 N.D.Ill.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Hajar Malik appeals from the dismissal of her suit for want of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). We affirm.
 
 
 4
 * Malik filed a pro se complaint against Louis Butler, an attorney with the Chicago Housing Authority, and other named parties. The district court dismissed that complaint. Later, Malik's motions to proceed in forma pauperis and for appointment of counsel were granted. Between May and December 1991, four attorneys appointed to represent her all withdrew without filing an amended complaint.
 
 
 5
 Malik's own amended complaint, against Butler alone, states two counts. The first alleges that the defendant owned and operated a federal government building in Chicago. The second alleges that the Department of Housing and Urban Development, not named as a party, wrongfully raised Malik's rent and failed to inspect her apartment. The complaint then demands $50,000 in damages. Neither count makes any allegations against Butler, except for the allegation that he owns the building. Nor does the complaint cite any federal statute or provision of the United States Constitution that confers subject matter jurisdiction on the federal district court. After a hearing on Butler's motion to dismiss, Judge Norgle dismissed the action pursuant to Federal Rule of Civil Procedure 12(b)(1).
 
 II
 
 6
 When ruling on a motion under Rule 12(b)(1), the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. Sladek v. Bell System Management Pension Plan, 880 F.2d 972, 975 (7th Cir.1989). We review dismissal for lack of subject matter jurisdiction de novo. Joyce v. Joyce, 975 F.2d 379, 382 (7th Cir.1992).
 
 
 7
 As a first principle of federal law, the federal courts are of limited jurisdiction. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Abercrombie v. Office of Comptroller of Currency, 833 F.2d 672, 674 (7th Cir.1987). To date, neither Malik nor her appointed attorneys have articulated any basis of federal jurisdiction over her claims. Article III, Section 2 of the Constitution provides that federal judicial power extends to all cases arising under the Constitution or the laws of the United States. Malik raises no issue involving either a section of a federal statute or the Constitution. See 28 U.S.C. § 1331. The parties here are not diverse. See 28 U.S.C. § 1332. And no other provision in Title 28 gives the federal courts jurisdiction over her complaint as it now stands. Malik even appears to concede that the appeal should be denied because she has failed to raise or to develop any arguments in support of her appeal. She observes as well that the district court correctly dismissed her amended complaint. Appellant's Reply Brief, filed Jan. 25, 1993, at 1. We agree.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument". See Fed.R.App.P. 34(a) and Circuit Rule 34(f). Since neither party submitted any such statement, we consider this appeal on the basis of the briefs and the record