Andrew **WEBER** and Genese Weber, Plaintiffs,

v.

**DAMIN SALES, INC.,** et al., Defendants.

No. CV–99–8433(LDW).

United States District Court, E.D. New York.

Aug. 1, 2000.

---

Sakofsky & Yegelwel, by Chad F. Yegelwel, Rockville Centre, NY, for plaintiffs.

als." Deft. Br. at 12.

Apruzzese, McDermott, Mastro & Murphy, by Lisa Barre–Quick, Liberty Corner, NJ, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiffs Andrew Weber and Genese Weber bring this action against various defendants alleging violation of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Defendants move to dismiss the amended complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. For the reasons below, the motion is granted.

## I. *BACKGROUND*

Plaintiffs allege that their father, Paul Weber ("Paul"), was employed by defendant Damin Sales, Inc. ("Damin Sales"). Damin Sales maintained an employee benefit plan known as Damin Sales, Inc. Profit–Sharing Trust (the "Plan"). As an employee, Paul was eligible and participated in the Plan. Under the Plan, participants are entitled to retirement income and other benefits including, *inter alia*, "Accident and Disability Benefits" and death benefits.

In or about March 1999, Paul became permanently disabled with cancer. Thereafter, Paul remained in a hospital until his death on August 21, 1999.

Plaintiffs allege that Paul was eligible for and entitled to disability benefits under the Plan beginning in March 1999, but that defendants failed to pay those benefits in violation of ERISA. Plaintiffs, claiming to be entitled to those benefits, assert that the "Plan is in possession of said disability benefits belonging to [Paul]." Plaintiffs also claim that defendants violated ERISA by breaching their fiduciary duties and by failing to provide any notice of the Accident and Disability Benefits in the "Summary Plan Description" provided by defendants to Plan participants.

Plaintiffs demand, *inter alia*, payment of the disability benefits allegedly due in the amount of $750,000 and damages in the amount of $2 million purportedly for plaintiffs having to provide care for their father from 7 p.m. to 7 a.m. every night that he was in the hospital. Plaintiffs assert that had defendants paid disability benefits timely the funds would have been available to employ care givers for Paul, and that, as a result of their having to provide care, they lost their homes, jobs, and careers and could not seek gainful employment until after their father's death.

In their motion, defendants argue that plaintiffs do not have standing to pursue this action under ERISA. Defendants assert that although Paul may have been entitled to receive as "disability retirement" benefits his "allocated share" of benefits under the Plan, he never filed a claim or requested such payment. Defendants assert that, in any event, Paul designated his spouse, Ilene Horowitz Weber ("Ilene"), as his primary beneficiary and plaintiffs as his "secondary" beneficiaries under the Plan, as evidenced by a beneficiary designation form dated February 2, 1999. Plaintiffs do not dispute the validity of the form. Based on Ilene's designation as the primary beneficiary, defendants argue that plaintiffs cannot claim to be beneficiaries under the Plan. The parties do not dispute that Ilene survived Paul; indeed, after plaintiffs commenced this action and defendants filed their motion to dismiss, Ilene commenced an action in this Court entitled *Ilene Weber v. Damin Sales, Inc., et al.*, No. CV 00–2553, seeking payment of death benefits under the Plan.

## II. *DISCUSSION*

To have standing under ERISA, a plaintiff must be a "participant," "beneficiary," or "fiduciary." 29 U.S.C. § 1132(a); *Pressroom Unions–Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889, 892 (2d Cir.1983); *see also Coleman v. Champion Intl. Corp.*, 992 F.2d 530, 533 (5th Cir.1993) ("ERISA's civil enforcement provision, limits those

who can maintain suits under the statute to 'participants,' 'beneficiaries,' or 'fiduciaries.' "). Plaintiffs concede that they are not participants or fiduciaries, but claim they are beneficiaries under the Plan.

Section 1002(8) of ERISA defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). For a plaintiff to be a "beneficiary" under ERISA, however, the plaintiff must have "a reasonable or colorable claim for benefits under an ERISA plan." *Crawford v. Roane*, 53 F.3d 750, 754–55 (6th Cir.1995).

Upon consideration, this Court concludes that plaintiffs lack standing to bring this action under ERISA, as they do not have a reasonable or colorable claim to benefits under the Plan. Plaintiffs do not allege (and admittedly cannot allege) that Ilene, the named primary beneficiary, predeceased Paul. Indeed, Ilene has filed an action against defendants seeking recovery of death benefits allegedly due her as a beneficiary under the Plan. During Paul's life, plaintiffs would not have had standing to assert claims under ERISA for disability benefits; nor do they have standing after his death. *See, e.g., Crawford*, 53 F.3d at 754–55 (6th Cir.1995) (holding deceased pension plan participant's children lacked standing as "beneficiaries"); *Keys v. Eastman Kodak Co.*, 739 F.Supp. 135, 138 (W.D.N.Y.) (holding deceased pension plan participant's son lacked standing as "beneficiary"), *aff'd*, 923 F.2d 844 (2d Cir. 1990). Plaintiffs cannot claim to be beneficiaries merely because they are the deceased participant's children or because, as they allege, they contributed to the participant's care at a time when the participant may have been entitled to disability benefits.

Plaintiffs rely primarily on *Vogel v. Independence Federal Savings Bank*, 728 F.Supp. 1210 (D.Md.1990), and *Sladek v. Bell System Management Pension Plan*, 880 F.2d 972 (7th Cir.1989), to support their argument. These cases are distinguishable from the present action. In *Vogel*, a participant's wife and children were held to have standing to recover health insurance benefits that were unilaterally terminated during the participant's lengthy illness even though the wife and children were not designated as beneficiaries under the health insurance plan. *See Vogel*, 728 F.Supp. at 1218–22. By contrast, plaintiffs do not seek to recover health insurance benefits under a welfare plan; nor do they allege that benefits were unilaterally or otherwise terminated, causing them to pay for health care that otherwise may have been covered under the Plan. In *Sladek*, a deceased participant's spouse was held to have standing in an action to set aside the participant's election to accept increased lifetime benefits instead of a survivor annuity because the action would have determined if she was the proper beneficiary; in other words, if she prevailed in setting aside the election, the annuity would have been hers. *See Sladek*, 880 F.2d at 974–79. By contrast, plaintiffs do not challenge Paul's designation of Ilene as his primary beneficiary; rather, they apparently believe that they may recover disability benefits under the Plan while Ilene may pursue a claim for death benefits. In any event, neither *Vogel* nor *Sladek* persuades this Court that plaintiffs have standing under the circumstances presented.

Because plaintiffs do not have a reasonable or colorable claim for benefits under the Plan, they do not have standing in this action. Accordingly, the amended complaint must be dismissed.

## III. *CONCLUSION*

For the above reasons, defendants' motion to dismiss is granted and the complaint is dismissed. The Clerk of the Court is directed to close the file in this action.

SO ORDERED.