**CONGREGATION AHAVATH ACHIM, a religious, nonprofit corporation, Plaintiff,**

**v.**

**UNDERWRITERS AT LLOYD'S OF LONDON, ENGLAND, Defendant.**

**Civ. 62–355.**

United States District Court
D. Oregon.

Nov. 13, 1962.

Leo Levenson, Kobin & Meyer, Portland, Or., for plaintiff.

James K. Buell and David N. Hobson, Phillips, Coughlin, Buell & Phillips, Portland, Or., for defendant.

EAST, District Judge.

The defendant moves for an order dismissing the above cause for failure of plaintiff to join as a party plaintiff one Einard LeBeck, Inc., an Oregon corporation, as an indispensable party plaintiff or in the alternative requiring that said party be joined as a party plaintiff, and it appearing that the defendant issued its all risk floater policy of insurance in the amount of $100,000.00 to the assureds "Einard LeBeck, Inc. (LeBeck) and/or Congregation Ahavath Achim." The policy described the subject of insurance as follows:

> "Moving of the Congregation Ahavath Achim synagogue from 2800 S. W. Third Avenue to S. W. Barbur Blvd. and Gibbs St., Portland, Oregon."

During the course of the moving work, failures in the structure of the syna-gogue building owned by the plaintiff developed and continued until the building had become a total loss.

In these proceedings the plaintiff seeks to recover for the loss of its building, which occurred in the course of the "moving of the * * * synagogue * * * " in the amount of $100,000.00.

The defendant asserts that LeBeck has made claim against it for losses and damages to its property, consisting of moving equipment and expenses incurred towards the protection of property in an amount equal to or in excess of $100,-000.00. It therefore appears that while the plaintiff and LeBeck are jointly and severally named as insureds under the single policy of insurance issued by the defendant, nevertheless the two are holders of distinct separate rights and therefore may litigate their claims without the presence of the other. (See Moore's Federal Practice, Vol. 3, p. 2169, Joint Obligees; Rule 19, Federal Rules of Civil Procedure.)

Defendant cites Stenhouse v. Jacobson, 193 F.Supp. 694 (N.D.Cal.1961):

> "It appears that (Cheney) is a named assured in the policy upon which the action is based. It seems unreasonable to require the other defendants to defend an action in which plaintiff seeks to prove that he alone is entitled to recover upon the policy, when such an action will not be binding upon Cheney * * " (not a party to the action).

Of course, that court held that Cheney was "an indispensable party" because it appeared that Cheney claimed some right, title, interest, and ownership in the property insured against, namely, "nutria breeding stock" and was a named insured owner. No such joint ownership in the subject matter of the insurance is shown in this case.

IT IS THEREFORE CONSIDERED and ORDERED that the defendant's motion in the alternative be and the same are hereby each denied.