In re **FORTY–EIGHT INSULATIONS, INC.,** Debtor,

**FORTY–EIGHT INSULATIONS, INC.,** Plaintiff,

v.

**AETNA CASUALTY & SURETY COMPANY, et al.,** Defendants.

Nos. 87 C 10594, 85 B 5061.
Adv. No. 87 A 1004.

United States District Court,
N.D. Illinois, E.D.

Nov. 13, 1989.

**316**

Steven R. Gilford, Diana T. Runcie, Joan E. Neal, Mayer, Brown and Platt, Chicago, Ill., for Forty–Eight Insulations.

Norman J. Barry, Christopher G. Walsh, Jr., Rothschild, Barry and Myers, Chicago, Ill., for amicus curiae Foster Wheeler Corp.

Michael J. Merlo, Michael G. Bruton, Pretzel & Stouffer, Chicago, Ill., for Prudential Re–Insurance Co.

Thomas M. Crisham, Janet R. Davis, Philip R. King and Pamela S. Hollis, Hinshaw, Culbertson, Moelmann, Hoban and Fuller, Chicago, Ill., for Aetna Casualty and Surety Co. and Argonaut Ins. Co.

Stanley B. Block and Paul Parker, Vedder, Price, Kaufman and Kammholz, Chicago, Ill., for Continental Ins. Co. and Harbor Ins. Co.

Philip C. Stahl, Thomas W. Kivlahan, Grippo and Elden, Chicago, Ill., for Fireman's Fund Ins. Co.

Willis R. Tribler, D.J. Sartorio, Tribler and Marwedel, P.C., Chicago, Ill., for Bellefonte Ins. Co.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

In this action, which was originally brought by plaintiff Forty–Eight Insulations as a voluntary bankruptcy petition, plaintiff seeks declaratory and injunctive relief against twenty-two insurance companies to determine the insurers' obligations under various insurance policies for defense and indemnity of asbestos-related claims. Before the court are the motions of the defendant insurers for an order joining Foster Wheeler Corporation as a necessary party under Federal Rule of Civil Procedure 19(a). For the following reasons, the court orders that Foster Wheeler be joined in this action.

### I. BACKGROUND

Plaintiff Forty–Eight Insulations, Inc. ("Forty–Eight") filed a voluntary petition for relief from its creditors pursuant to Chapter 11 of the United States Code. The petition is now pending before the Honorable Eugene R. Wedoff as Bankruptcy Case No. 85 B 5061. On October 9, 1987, Forty–Eight commenced this declaratory action as adversary proceeding No. 87 A 1004, by filing a complaint in the above bankruptcy proceeding. In its complaint Forty–Eight seeks declaratory and injunctive relief

against twenty-two insurance companies ("insurers") to determine the insurers' obligations, under various policies of primary and excess insurance issued to Foster Wheeler Corporation ("Foster Wheeler"), for defense and indemnity of asbestos-related bodily injury and property damage claims made against Forty–Eight. Forty–Eight is a subsidiary of Foster Wheeler.

On January 8, 1987, this court granted the motion of various insurers to withdraw the reference of this declaratory action from the bankruptcy court, and the action is now pending before this court as No. 87 C 10594. In addition, the references of three other related actions have been withdrawn from the bankruptcy court, and these cases have also been consolidated before this court: *Forty–Eight Insulations, Inc. v. American Home Assurance Company, et al.*, Case No. 87 10789, Adv. No. 87 A 1003, filed by Forty–Eight, seeking a declaration of its rights under two umbrella policies; *Affiliated FM Insurance Company v. Forty–Eight Insulations, Inc.*, Case No. 88 C 1209, Adv. No. 86 A 1484, filed by Affiliated FM to determine its coverage obligations with respect to asbestos-related building claims filed against Forty–Eight; and *Lumbermens Mutual Casualty Co. v. Forty–Eight Insulations, Inc.*, Case No. 88 C 1209, Adv. No. 87 A 0914, filed by Lumbermens Mutual Casualty to determine its coverage obligations to Forty–Eight with respect to two excess policies issued to Foster Wheeler. A fifth case, which was filed in this court, has also been consolidated herein: *Lumbermens Mutual Casualty Co. v. Foster Wheeler Corporation*, No. 84 C 34302, filed by Lumbermens Mutual Casualty to determine its coverage obligations to Foster Wheeler with respect to the same two excess policies at issue in No. 88 C 1209.

Forty–Eight has not joined Foster Wheeler as a party in this action. The insurers have moved this court either for an order directing Forty–Eight to join Foster Wheeler as a party under Federal Rule of Civil Procedure 19(a), or for a dismissal of the complaint.[1] They claim that Foster Wheeler is a necessary party because it is the named insured under the policies in question and the parent company of Forty–Eight. In its response to defendants' motion, Forty–Eight asserted that it wishes to avoid the expense of becoming involved in any dispute arising in this litigation which only concerns Foster Wheeler and the insurers. Forty–Eight also noted, however, that it has no particular objection to the joinder of Foster Wheeler. In its *amicus curie* brief, Foster Wheeler denies that it is a necessary party under Rule 19.

## II. ANALYSIS

### A. Joinder Under Federal Rule 19(a)(2)(ii)

■ Defendants' main contention is that Foster Wheeler must be joined as a necessary party under Federal Rule of Civil Procedure 19(a)(2)(ii). We agree, and order Foster Wheeler joined as a party in this action. Rule 19(a) governs "necessary parties," i.e., parties who must be joined in an action if they are subject to service of process and if their joinder will not deprive the court of subject matter jurisdiction.[2]

---

1. In its motion, which was filed on January 11, 1988, defendant Continental Insurance Company also argued that Forty–Eight failed to join other necessary parties, specifically other insurers of Foster Wheeler or Forty–Eight, or other subsidiaries of Foster Wheeler who might be covered under the policies in question. In addition, Continental argued that Forty–Eight failed to comply with Rule 19(c) by not explaining the reason for the absence of these parties. Finally, Continental argued that Forty–Eight should be required to make its allegation concerning the existence and exhaustion of insurance coverage more definite and certain pursuant to Rule 12(e). All of these defects, if they existed, appear to have been subsequently cured in Forty–

Eight's Amended Complaint, which was filed on March 25, 1988.

2. Rule 19 reads as follows:
   (a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that

Under 19(a)(2)(ii), a party is a necessary party if he claims an interest relating to the subject of the action and is situated so that disposition of the action in his absence may "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P. 19(a)(2)(ii).

Joinder of Foster Wheeler is required in this case under Rule 19(a)(2)(ii). Foster Wheeler seems to be subject to service of process in this court, and does not challenge its amenability to process in its *amicus* brief. In addition, joinder of Foster Wheeler will not deprive this court of subject matter jurisdiction. Subject matter jurisdiction over this action arises in this court under 28 U.S.C. § 1334, which gives United States District Courts jurisdiction over all bankruptcy cases under Title 11. This case arose under Title 11 and came to this court after its reference was ordered withdrawn from the bankruptcy court.

The insurers contend that Foster Wheeler has claimed an interest relating to the subject matter of this litigation within the meaning of 19(a)(2)(ii). While this suit directly concerns the coverage obligations owed by the various insurers to Forty–Eight Insulations, their coverage liability, if any, arises under a policy issued to Foster Wheeler. The insurers, and Forty–Eight, have taken the position that any payment by the insurers made to or on

behalf of Forty–Eight should be applied toward reducing the aggregate limits on the policies issued to Foster Wheeler. Foster Wheeler, however, has refused to stipulate to a dollar-for-dollar exhaustion of its policy limits based on payments to Forty–Eight. Exhibit 1 to Defendant Hartford's Reply Brief.

Foster Wheeler contends that, while it disputes this aspect of its coverage, it does not claim an interest relating to the subject matter of this litigation. It claims that the subject of this litigation is not the insurance policies in general, but the coverage of specific tort claims arising out of Forty–Eight's manufacture and sale of products containing asbestos. Even if the "subject" of the suit is viewed this narrowly, Foster Wheeler has at least claimed an interest "relating to" the insurance coverage for claims against Forty–Eight. Foster Wheeler's interest, as expressed in its correspondence, is to prevent its own insurance protection from being eroded by payments made by the insurers to or on behalf of Forty–Eight. While this suit does not directly involve the insurer's liability for claims against Foster Wheeler, Foster Wheeler has in fact notified its insurance broker that there are approximately 5700 bodily injury and wrongful death cases pending against it in United States courts. Exhibit A to defendant Continental Insurance Company's Motion to Dismiss. Foster Wheeler has expressed an interest in preserving its insurance coverage under the

interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

(b) *Determination by Court Whenever Joinder not Feasible.* If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus

regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

(c) *Pleading Reasons for Nonjoinder.* A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a)(1)(2) hereof who are not joined, and the reasons why they are not joined.

(d) *Exception of Class Actions.* This rule is subject to the provisions of Rule 23.

very same insurance policies which are at issue in this litigation. The issue of whether payments made to or on behalf of Forty–Eight under these policies reduce the aggregate limits as to Foster Wheeler is related to the issue of whether those payments should be made at all.

Foster Wheeler contends that a named insured is not a necessary or indispensable party in actions involving a third person's coverage rights under a liability insurance policy. While we agree that the named insured is not *necessarily* a necessary party in these actions, Foster Wheeler implies that the named insured can *never* be a necessary party in such actions, and this is incorrect. The cases cited by Foster Wheeler in which named insureds were found not to be necessary parties all involve situations where the named insured had no dispute with the insurer.[3] In this case Foster Wheeler clearly has a dispute with the insurers; it refuses to agree that payments made on behalf of Forty–Eight under the policies in question reduce Foster Wheeler's policy limits. Foster Wheeler has thus claimed an interest relating to the subject of this litigation.

Under 19(a)(2)(ii), where a party claims an interest relating to the subject of the litigation, he is a necessary party if the disposition of the matter in his absence will leave anyone who is already a party subject to a substantial risk of multiple or inconsistent obligations. In this action Forty–Eight seeks a determination that the insurers owe it coverage for asbestos-related claims. If Foster Wheeler is not joined, however, the insurers could be held liable for coverage to Forty Eight without receiving a determination as to whether payments to or on behalf of Forty–Eight reduce their liability to Foster Wheeler. Foster Wheeler could then bring suit on these same policies, and a different court could determine that the insurers owe coverage to Foster Wheeler and that payments made on behalf of Forty–Eight did not reduce the insurers' liability to Foster Wheeler. The insurers thus have a risk, if Foster Wheeler is not joined, of paying amounts far in excess of the policy limits. This risk is significant given that there are over 5700 asbestos cases now pending against Foster Wheeler. We find that Foster Wheeler is a necessary party to this action under Rule 19(a)(2)(ii) because it claims an interest relating to the subject of this action, and its absence would subject the defendant insurers to a substantial risk of multiple or inconsistent obligations.

Our conclusion is in agreement with the recent decision in *Chesapeake & Ohio Ry. Co. v. Certain Underwriters at Lloyds,* 716 F.Supp. 27 (D.D.C.1989). That case also involved a suit against several insurance companies to determine their coverage obligations for asbestos-related injuries and diseases. In *Chesapeake* the plaintiff railroad systems were two subsidiaries of CSX Corporation, Chesapeake & Ohio Railway Company ("C & O") and Seaboard System Railroad incorporated ("Seaway"); and Baltimore & Ohio Railway Company ("B & O"), which was a subsidiary of C & O. A second subsidiary of C & O, Western Maryland, was not joined in the suit but had instead brought its own suit, also in federal court. There the defendant insurers argued that Western Maryland was both a necessary party under 19(a) and an indispensable party under 19(b). 19(a) and (b)

**3.** *Northwest Cas. Co. v. Kirkman,* 119 F.Supp. 828 (M.D.N.C.1954) (Declaratory action brought by insurance company against driver, injured pedestrian, et al.; insurance company admitted its obligations to named insured); *Nationwide Mutual Insurance Company v. Simms,* 231 F.Supp. 787 (D.Md.1964) (Declaratory action brought by insurance company to determine coverage obligations as to bus driver and named insured; if it were to be found that named insured was covered by policy, he would not be indispensable party to determination of whether driver is additional insured under policy); *Western Cas. & Sur. v. Beverforden,* 93 F.2d 166 (8th Cir.1937) (Declaratory action brought by insurance company against injured party who had recovered judgment against insured; insured is not required to be joined under Uniform Declaratory Judgment Act because insurer had no dispute with insured); *Allstate Ins. Co. v. Daniels,* 87 F.R.D. 1 (W.D.Okla.1978) (Declaratory action by insurance company against driver; no coverage dispute between insurer and insured); *Congregation Ahavath Achim v. Underwriters at Lloyds,* 31 F.R.D. 275 (D.Or.1962) (Action by owner of building against insurer; fellow insured is not a necessary party because insureds had "distinct separate rights" under policy).

**320**

were both at issue because joinder of Western Maryland was not feasible as it would have deprived the court of diversity jurisdiction.

The *Chesapeake* court held that Western Maryland was both a necessary and indispensable party, and was forced to dismiss the case. 716 F.Supp. at 34. In so holding, the court made several of the same findings we make in this case. In *Chesapeake*, as in our case, there was concern that the insurance policies for all four companies incorporated a single aggregate limit for all occupational disease claims. *Id.* at 31. The court found that these limits meant that Western Maryland had an interest in the suit. *Id.* at 32. It further found that the policy limits created a situation in which the four railroads were essentially claimants to a limited fund, so that the insurers would incur a risk of multiple or inconsistent obligations if Western Maryland were not joined. *Id.* at 32. The insurers would bear precisely the same risk in our case.

The only significant difference between our case and *Chesapeake* is that there Western Maryland had actually filed a separate suit, while Foster Wheeler has not. Under Rule 19, however, a necessary party need not file a separate suit; it need only claim an interest relating to the subject of the litigation. As noted above, Foster Wheeler has claimed such an interest by disputing the effect of this suit on the policy limits. In addition, given the 5700 asbestos-related claims against Foster Wheeler, if it were not joined in this suit, the probability of future litigation between it and the insurers seems very high. Foster Wheeler is a "necessary party" in this action within the meaning of Rule 19(a).

■ Where a party is found "necessary," a court needs to decide if they are "indispensable" only if their joinder is not feasible. In this case we do not need to decide if Foster Wheeler is indispensable. Joinder of Foster Wheeler is feasible because it is subject to service of process and because its joinder will not deprive this court of subject matter jurisdiction, as our jurisdiction is based on Title 11 and 28

U.S.C. § 1334, rather than diversity of citizenship. We therefore order that Foster Wheeler be made a party to this action.

■ Foster Wheeler makes two final arguments in opposition to its joinder in this action. First, it argues that the insurers' motions are "technically deficient" because they fail to specify whether Foster Wheeler should be joined as a plaintiff or a defendant. Foster Wheeler cites no authority for imposing this requirement on defendants, nor are we aware of any. A court can determine the proper alignment of the parties after it has found that a party is necessary. *See Hagstrom v. Breutman,* 572 F.Supp. 692, 702 (N.D.Ill.1983).

Foster Wheeler's second argument is that, if it is found to be a necessary party, all entities covered by these policies must also be joined. It asserts that this would include every subsidiary of Foster Wheeler, and that there are "scores" of such subsidiaries, some of which are foreign companies beyond the jurisdiction of this court. None of these other subsidiaries has, however, claimed an interest relating to the subject matter of this litigation, as Foster Wheeler has by disputing this suit's effect on the policy limits. No party has called the court's attention to other subsidiaries which would be necessary parties under 19(a); we will not assume that there are subsidiaries as interested in this litigation as Foster Wheeler without some showing on this point.

### III. CONCLUSION

For the above reasons, defendants' motions to join Foster–Wheeler Corporation as a party to this action are granted.