Vesper MOORE, et al.,
Plaintiffs–Appellants,

v.

ASHLAND OIL, INC.,
Defendant–Appellee.

No. 89–1910.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 22, 1990.

Decided May 14, 1990.

---

Maurice E. Doll, John F. Sievers, Doll & Sievers, Vincennes, Ind., for plaintiffs-appellants.

Mark W. Rietman, Berger & Berger, Evansville, Ind., for defendant-appellee.

Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and PELL, Senior Circuit Judge.

CUMMINGS, Circuit Judge.

Ashland Oil, Inc. ("Ashland"), the defendant in this matter, purchased crude oil from seven oil and gas leaseholds located in Gibson County, Indiana. In 1981, Ashland was added as a defendant to an Indiana state court action ("the Gibson County suit"). The plaintiffs in that action alleged, among other things, that the interests in six (later all seven) of these seven leases had been oversold and that proceeds from the sale of oil from these leases had been converted. Seeking assurance that it was paying the proper parties for the oil it was purchasing, Ashland filed an answer and crossclaim in interpleader on April 22, 1981. The litigation in the Gibson County suit was still proceeding when, on August 19, 1988, the federal diversity suit at issue here was filed. The plaintiffs in this suit include some, but not all, of the original plaintiffs in the Gibson County suit. The allegations in the federal complaint, while not identical to those in the Gibson County suit, would require for their resolution a determination of the rightful owner or

owners of the same seven leases that are the subject of the Gibson County suit.[1]

On October 7, 1988, Ashland moved to dismiss the federal proceeding under Federal Rule of Civil Procedure 19(b), on the ground that it was a citizen of Indiana and that individuals needed for a just adjudication of the issues before the court were also citizens of Indiana. On March 15, 1989, the parties consented to have the matter resolved by the United States Magistrate. The magistrate concluded that the plaintiffs had failed to join indispensable parties and therefore granted Ashland's motion to dismiss on March 30, 1989.[2] We affirm.

## DISCUSSION

The purpose of Federal Rule of Civil Procedure 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources. To achieve those ends Rule 19(a) provides for joinder of specified parties whose addition to the suit will not deprive the court of jurisdiction. Such persons are denominated "persons to be joined if feasible." Rule 19(b) then sets forth the appropriate procedure to be followed if a party who should be joined under Rule 19(a) is a party whose joinder would deprive the court of jurisdiction:

> If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.

Rule 19(b) then sets forth four factors to be considered in determining whether an action must be dismissed. These factors are: 1) the extent to which a judgment entered in the absence of a party will be prejudicial to those currently before the court; 2) the extent to which such prejudice can be lessened or avoided by reshaping the judgment; 3) whether a judgment entered in a party's absence will be adequate; 4) whether the plaintiff will have an adequate remedy if the action is dismissed.

The appellants argue that the magistrate misapplied the provisions of Rule 19 and that dismissal was therefore clearly erroneous. This Court has not explicitly established the appropriate standard of review of a Rule 19 determination. See *Sokaogon Chippewa Community v. Wisconsin*, 879 F.2d 300, 303–304 (7th Cir.1989) (discussing paucity of caselaw on the subject and considering various alternatives). The standard of review was not made an issue in this case and it is not necessary to resolve the question here since even when viewed *de novo*, we agree with the magistrate's disposition of the case.

■ The crux of the appellants' argument is that the magistrate began his analysis with a determination that the absent parties were "indispensable" and then analyzed whether "in equity and good conscience" the case could proceed without them. The appellants contend that this is contrary to the provisions of Rule 19, which first require a determination of "persons to be joined if feasible" followed by an analysis of whether the case can proceed in the absence of those persons. Only if it has been determined that the action cannot proceed in the absence of those persons will the label "indispensable" be applied to them. 7 Wright, Miller & Kane, Federal Practice and Procedure § 1604 ("[T]he term 'indispensable' is used in Rule 19(b) only in a conclusory sense.").

---

1. The gravamen of the federal complaint is that Ashland slandered the plaintiffs' title to the leases by acknowledging, through word or deed (payment), the claims of other potential owners. To prevail the plaintiffs would have been required to prove that none of the other potential claimants was entitled to recognition by Ashland. This in turn would have required proof of exclusive ownership.

2. The plaintiffs' counsel indicated at oral argument before this Court that the Gibson County suit was not settled until April 10, 1989. Consequently that suit was still pending when the magistrate granted Ashland's motion to dismiss the federal action.

The appellants' reading of the Rule is correct but their reading of the magistrate's memorandum is not. It is true that the magistrate describes the first step of the analysis as a determination of "whether an absent person is 'indispensable.'" Memorandum at 4. The ensuing analysis demonstrates, however, that the magistrate's use of the term "indispensable" in place of the correct "persons to be joined if feasible" is a mere inadvertence and not evidence of any fundamental confusion about the manner in which the rule is to be applied.

To support the proposition that the absent parties in this case meet the requirements of Rule 19(a) the magistrate cites *Schutten v. Shell Oil Co.*, 421 F.2d 869 (5th Cir.1970). In *Schutten* the Fifth Circuit thoroughly discussed the relationship between Rules 19(a) and 19(b), noting that the term "indispensable" is not definitive but conclusory. *Id.* at 873. The Fifth Circuit specifically found that an absent lessor, who claimed title to the oil well in question in that case, was a party "to be joined if feasible." *Id.* at 874. The magistrate's reliance on this case coupled with his own citations from Rule 19(a) demonstrate that in spite of his apparent inadvertent use of the term "indispensable" the magistrate correctly determined that the absent parties in this case were parties who met the requirements of Rule 19(a), and who therefore had to be joined if feasible.

■ Having so concluded, and having noted that some of the absent parties were persons who would deprive the court of diversity jurisdiction, the magistrate properly analyzed the four factors of Rule 19(b) to determine whether the action could proceed without the absentees. First, the magistrate discussed the possibility of prejudice to Ashland if the state proceedings and the federal proceedings resulted in contradictory conclusions about the rightful owners of the oil leaseholds. Second, the magistrate concluded that there would be no way to shape a federal judgment so as to reduce the risk of prejudice from such contradictory conclusions. Third, the magistrate correctly stated that a judgment

entered without the benefit of evidence that could be tendered by the absent parties could not adequately resolve the identity of the rightful owners of the oil leaseholds at issue here. Fourth, the magistrate pointed to the Gibson County action as evidence that the federal plaintiffs would have an adequate remedy in the event of dismissal of the federal action. The plaintiffs argue that this fourth conclusion may be erroneous due to possible statute of limitations problems in the state court action. The Gibson County case was still pending when the magistrate dismissed the federal claims. See n. 2 *supra*. We agree with Ashland that the plaintiffs should not be entitled to a federal forum merely because they waited too long to file their complaints in state court. See *Cloverleaf Standardbred Owners Association, Inc. v. National Bank of Washington*, 699 F.2d 1274, 1279 (D.C.Cir.1983) (case may be dismissed pursuant to Rule 19(b) even if state statute of limitations runs during pendency of appeal).

■ The plaintiffs argue that one of the absent parties, John Ingram, is not a citizen of Indiana, and that he could be joined to the federal action without disrupting complete diversity. The relevant citizenship for diversity purposes is the citizenship of the parties at the time the federal suit was filed. *Hoefferle Truck Sales, Inc. v. Divco–Wayne Corporation*, 523 F.2d 543, 548 (7th Cir.1975). The magistrate specifically found that John Ingram was a citizen of Indiana at the time the memorandum opinion was written. Memorandum at 5. Furthermore, the magistrate found that several other potential claimants to the oil and gas leases "appear[ed] to be Indiana residents as well." *Id.* Two of these other potential claimants, Dale and Rosetta Newton, were specifically identified at oral argument before this Court, and the plaintiffs' counsel did not dispute that they were citizens of Indiana at the time the federal suit was filed. There is nothing in the record or in the appellants' brief to indicate that *all* of the potential claimants could be joined to this action without destroying diversity. The magistrate was therefore correct in determining that some of the parties

to be joined if feasible were persons who would deprive the court of jurisdiction.

 In apparent contradiction to the argument that none of the potential claimants is a citizen of Indiana, the plaintiffs argue that the magistrate erred in failing to consider realigning non-diverse potential claimants in order to preserve complete diversity. In a case in which the plaintiffs must prove that they are the sole owners of the oil leaseholds at issue, absent individuals who claim ownership in these same leaseholds must be considered adverse to those plaintiffs. The magistrate therefore did not err in failing to consider realignment of these parties.

Finally, the plaintiffs argue that the magistrate's decision to grant Ashland's motion to dismiss for failure to join indispensable parties was premature because it preceded discovery. While a court may decide to proceed to discovery before considering a motion to dismiss under Rule 19, there is no requirement that it do so. 7 Wright, Miller & Kane, Federal Practice and Procedure § 1609. The record in this case reveals that Ashland provided the magistrate with numerous documents elucidating the issues under consideration in the Gibson County suit. In addition, briefs were submitted by both sides pertaining to the motion to dismiss and a conference was held with the magistrate to afford both Ashland and the plaintiffs an opportunity to address the issue. The magistrate's decision was therefore not premature.

### CONCLUSION

For all of the reasons discussed above, the magistrate's decision to dismiss this action is affirmed.