**Karen TAYLOR, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

**3:94 cv 662 AS.**

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 9, 1995.

Karen Taylor, Michigan City, IN, pro se.

Clifford D. Johnson, Office of the United States Attorney, South Bend, IN, for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

Claimant Karen Taylor ("Ms. Taylor") appeals from a final judgment of the Secretary of Health and Human Services ("the Secretary")[1] awarding Child's Insurance Benefits ("CIB") to the stepchildren of a Disability Insurance Benefits ("DIB") recipient. Ms. Taylor challenges the Secretary's findings that the recipient's four stepchildren meet the relationship and dependency requirements of the Social Security Act ("the Act"), 42 U.S.C. §§ 402(d), 416(e), and thus are entitled to receive CIB—resulting in a reduction of the benefits paid to the recipient's natural children. The defendant, Shirley S. Chater, Commissioner of Social Security ("the Commissioner"), moves the court to dismiss this cause for failure to join an indispensable party. This court has jurisdiction over Ms. Taylor's petition for judicial review pursuant to 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Procedural History

The claimant, the ex-wife of the wage earner/DIB recipient, became entitled to CIB on behalf of her two children (the wage earner's natural children) effective July 1990. Following the wage earner's marriage to Almarie Taylor ("Almarie") in June of 1990, Almarie filed a claim for CIB on behalf of her four children on July 30, 1991, and the Social Security Administration ("SSA") determined that the children became entitled to CIB as the wage earner's stepchildren effective June 1991. Due to the "family maximum" mandated by the Act for CIB payments, 42 U.S.C. § 403(a); 20 C.F.R. § 404.403 (1995), their entitlement resulted in a reduction in the amount of CIB payable to the claimant on behalf of her two children. 20 C.F.R. § 404.404 (1995). In a letter dated October 7, 1991, the SSA notified the claimant that her children's benefit amounts would be adjusted accordingly. The claimant contested the entitlement of Almarie Taylor's children, and, on reconsideration, the SSA affirmed the entitlement of the stepchildren.

The claimant subsequently requested an administrative hearing before an administrative law judge ("ALJ"), and a hearing was held in South Bend, Indiana, on October 5, 1992. In a decision dated November 16, 1992, ALJ Peter J. Caras, Jr., affirmed the SSA's decision, but found that the stepchildren's entitlement should have commenced in July (rather than June) of 1991. The Appeals Council denied Ms. Taylor's request to appear and present oral argument in support of her claim. In an opinion dated June 22, 1994, the Appeals Council affirmed the ALJ's decision, but reinstated the original eligibility date after determining that the one-year duration-of-marriage requirement under 20 C.F.R. § 404.357 had been met effective June of 1991.

The claimant filed her *pro se* complaint in this court on September 6, 1994. Following an extension of time, the Secretary filed her response on December 6, 1994. In an order dated December 14, 1994, the court deemed the matter to be before the court on cross-motions for summary judgment pursuant to its Local Rule 7.3 and ordered the claimant to file her brief in support thereof by January 21, 1995. On February 3, 1995, the court ordered the claimant to show cause why the case should not be dismissed for failure to prosecute. The claimant responded to the show cause order by asking for a continuance, which request the court granted. On March 16, 1995, the court granted the Commissioner's motion to compel joinder of Almarie Taylor as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure. After the claimant belatedly

---

1. Pursuant to section 106(d) of P.L. No. 103–296, wherein the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995, Shirley S. Chater, Commissioner of Social Security, has been substituted as party defendant. However, the decision under review—which was issued prior to March 31, 1995—nonetheless constitutes a "final decision of the Secretary" for purposes of judicial review pursuant to the version of 42 U.S.C. § 405(g) in effect at the time of the administrative decision.

filed her brief in support of summary judgment on July 24, 1995, the defendant moved to dismiss for failure to join an indispensable party on August 11, 1995. The court is now prepared to rule on the defendant's motion to dismiss.

### B. Facts

The claimant was married to the wage earner, Sam Taylor ("Mr. Taylor"), in May of 1974. Their marriage bore two children, Lucinda and Delisha, before it was judicially dissolved in April of 1990. On June 2, 1990, Mr. Taylor married Almarie Taylor. At the time of their marriage, Almarie had four children—Dujuan Mitchell, Deandre Mitchell, Lasheia Mitchell, and Latoya Evans—none of whom were the natural children of the wage earner. Mr. Taylor lived with Almarie Taylor and her four children from June 1990 until December 1990, and again in May of 1991. During his marriage to Almarie, Mr. Taylor did not provide his stepchildren with direct financial support, nor did he adopt them—apparently, his only financial contribution to the family was paying household bills. On December 20, 1993, after a lengthy period of separation, Mr. Taylor petitioned the Superior Court of LaPorte County to dissolve his marriage to Almarie Taylor.[2]

## II. DISCUSSION

### A. Rule 12(b)(7) Motion to Dismiss

■ The Commissioner contends that, due to the claimant's failure to join Almarie Taylor as required by order of this court, the action must now be dismissed for failure to join an indispensable party. Fed.R.Civ.P. 19(a) provides that

> [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the

subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . .

Fed.R.Civ.P. 19(a). At all times relevant to the present action, Almarie Taylor was subject to service of process,[3] and, because subject matter jurisdiction in the present case is predicated upon a federal statute, her inclusion would not deprive the court of jurisdiction. Moreover, Almarie Taylor evidenced her interest in the subject of this claim in a written statement to the ALJ, submitted in lieu of personally appearing at the administrative hearing. Thus, the defendant maintains that because the stepchildren's interests are not necessarily adequately represented by the Commissioner, and because a decision rendered in the absence of Almarie Taylor could ultimately result in the SSA being required to exceed the "family maximum" provided for by the Social Security Act, the claim must be dismissed pursuant to Fed.R.Civ.P. 12(b)(7) for failure to join an indispensable party.

In resolving the defendant's motion to dismiss, the court must first determine the standards applicable to a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(7), and then apply those standards to the present matter. Fed.R.Civ.P. 12(b)(7) provides that

> [e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (7) failure to join a party under Rule 19. . . .

---

**2.** According to his testimony at the claimant's hearing before the ALJ, Mr. Taylor's delay in filing for dissolution of his marriage to Almarie Taylor resulted from a lack of finances. Tr. 42.

**3.** In federal question cases, due process requires only that the party sought to be joined have sufficient minimum contacts with the United States as a whole rather than with a particular state or other geographic area. *United States v. De Ortiz*, 910 F.2d 376, 382 (7th Cir.1990).

Fed.R.Civ.P. 12(b)(7). The Court of Appeals for the Seventh Circuit has concisely described the analytical process by which a court must dispose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(7):

> [I]n deciding a Rule 12(b)(7) motion to dismiss, we must apply Rule 19(b) if we first determine that the party to be joined satisfies the threshold requirements of Rule 19(a). *Moore v. Ashland Oil, Inc.,* 901 F.2d 1445, 1447 (7th Cir.1990). Thus, Rule 19(a) requires joinder when the presence of the party to be joined is essential to the litigants' complete relief, or when the party to be joined must be present to protect its own or another party's interests. Fed.R.Civ.P. 19(a). If the court finds that the requirements of Rule 19(a) are satisfied, it may dismiss the action if, in weighing four additional factors specified in Rule 19(b), those factors so indicate.

*Boulevard Bank Nat'l Ass'n v. Philips Medical Sys. Int'l,* 15 F.3d 1419, 1422–23 (7th Cir.1994) (footnote omitted); *see also Acme Printing Ink Co. v. Menard, Inc.,* 881 F.Supp. 1237, 1243 (E.D.Wis.1995).

The proponent of a Rule 12(b)(7) motion to dismiss has the burden of producing evidence which shows the nature of the absent party's interest and that the protection of that interest will be impaired or impeded by the absence. *Martin v. Local 147, Int'l Bhd. of Painters & Allied Trades, AFL–CIO–CFL,* 775 F.Supp. 235, 236 (N.D.Ill. 1991); *Central States, Southeast & Southwest Area Pension Fund v. Safeco Ins. Co. Of America,* 717 F.Supp. 572, 573 (N.D.Ill. 1989); *see Sladek v. Bell Sys. Management Pension Plan,* 880 F.2d 972, 980 (7th Cir. 1989). The defendant has met her burden in the present action: the Commissioner contends that without Almarie Taylor as a party

in the action, a decision adverse to the Commissioner could impair or impede the stepchildren's ability to protect their current level of CIB, since the stepchildren's interests are not necessarily adequately represented by the Commissioner.

Additionally, as previously noted, Rule 19(a) states that joinder is required if persons already parties to the action will, in the absence of the person claiming an interest, be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed.R.Civ.P. 19(a). Here, the defendant argues that a decision adverse to the Commissioner, rendered without Almarie Taylor as a party, might effectively subject the SSA to double and inconsistent obligations: the stepchildren would not be bound by the decision of the court and thus would be entitled to challenge the loss of benefits. Following the defendant's argument, then, the SSA might find itself required to pay benefits both to the stepchildren (in their proportional amount) and to the natural children—as if the stepchildren were not entitled to benefits. This scenario would result in the SSA exceeding the "family maximum" provided for by the Act. 42 U.S.C. § 403(a); 20 C.F.R. § 404.403 (1995). Accordingly, because the defendant has established that Almarie Taylor was a necessary party pursuant to the requirements of Rule 19(a), the court must now determine, after weighing the four factors found in Rule 19(b), whether Almarie is an indispensable party and, therefore, the defendant's motion to dismiss should be granted.

Rule 19(b) sets forth the analytical process[4] a court must undertake to determine whether a party is indispensable and, thus,

---

**4.** In *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), the Supreme Court of the United States articulated a slightly different complex of factors to be examined by a reviewing court in determining whether a party is indispensable under Rule 19(b): the plaintiff's interest in an adequate forum; the defendant's interest in avoiding multiple or inconsistent obligations; the interests of the outsider whom it would have been desirable to join; and the interests of the courts and the public in complete, consistent, and efficient settlement of controversies. 390 U.S. at 109–11,

88 S.Ct. at 737–39; *see also Boulevard Bank Nat'l Ass'n v. Philips Medical Sys. Int'l,* 15 F.3d 1419, 1423 n. 5 (7th Cir.1994); *Todd ex rel. Todd v. Merrell Dow Pharmaceuticals Inc.,* 942 F.2d 1173, 1176 (7th Cir.1991). However, the Seventh Circuit's analysis remains more closely aligned with the original language of Rule 19(b). *See Boulevard Bank,* 15 F.3d at 1423 n. 5; *Todd ex rel. Todd,* 942 F.2d at 1176. At bottom, Rule 19(b) requires the court to undertake "a practical examination of the circumstances." *Provident Tradesmens Bank,* 390 U.S. at 119–20 n. 16, 88 S.Ct. at 743–44 n. 16.

one in whose absence the action should be dismissed. First, the court must consider "to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties." Fed. R.Civ.P. 19(b). As discussed above, a judgment rendered in the absence of Almarie Taylor might be prejudicial either to the interests of her children, or to those of the SSA. Second, the court must consider "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided." *Id.* The Court of Appeals for the Seventh Circuit has paraphrased this second element more narrowly to require a determination of "whether the court can fashion a judgment to avoid such prejudice." *Boulevard Bank Nat'l Ass'n v. Philips Medical Sys. Int'l,* 15 F.3d 1419, 1421 n. 5 (7th Cir.1994). If the court were to render judgment in favor of the claimant (in the absence of Almarie Taylor as a party), prejudice to the interests of Almarie Taylor—the denial of benefits to Mr. Taylor's stepchildren—could not be lessened or avoided, either by protective provisions or by the shaping of relief (or other measures). Thus, under that scenario, the court could not enter a judgment that would avoid prejudice.

 The third inquiry a court must perform under Rule 19(b) is "whether a judgment rendered in the person's absence will be adequate." Fed.R.Civ.P. 19(b). In *Boulevard Bank,* the Seventh Circuit construed this inquiry to mean, simply, that a court must consider whether it "can enter an adequate judgment without the absent party." 15 F.3d at 1423 n. 5. In light of the original language of Rule 19(b) *and* the Seventh Circuit's construction of the clause, the judgment entered must be adequate *in general,* and not simply adequate to the needs of those persons already parties to the action. Clearly, in the present case, were the court to enter judgment in favor of the claimant, the judgment would not be adequate to the interests of Almarie Taylor or those of her children. Thus, the third requirement under Rule 19(b) is satisfied. The fourth and final factor under Rule 19(b) requires the court to consider "whether the plaintiff will have an adequate remedy if the action is dismissed

for nonjoinder." *Id.* Where there has been no prior court order to join the indispensable party, the appropriate measure is for the court to dismiss the action for nonjoinder *without prejudice.* *Sladek v. Bell Sys. Management Pension Plan,* 880 F.2d 972, 980 (7th Cir.1989). Because the claimant would retain the ability, when refiling the action, to join the person found to be an indispensable party, the claimant would have an adequate remedy. In the present action, however, the fourth requirement under Rule 19(b) is irrelevant as a result of the court's prior order that Almarie Taylor be joined as a party to the action.

In *Sladek,* the Court of Appeals for the Seventh Circuit addressed the circumstances under which dismissal for nonjoinder pursuant to Rule 19 is appropriate. Specifically, the Seventh Circuit held that because Rule 19(a) commands that "the court *shall* order that the person be made a party" (emphasis supplied) if the person is found to be indispensable to the action, "dismissal of a complaint for failure to join an indispensable party is entirely appropriate under Rule 12(b)(7), but dismissal *with prejudice* should ordinarily result only after the court has ordered the party joined and the plaintiff has failed to do so." *Sladek,* 880 F.2d at 980 (emphasis in original). If dismissal with prejudice is proper after the court has ordered the party joined and the plaintiff has failed to do so, *the plaintiff can have no adequate remedy.* Thus, in circumstances such as in the present case where the court has previously ordered joinder and the plaintiff has not followed through, the analysis under Rule 19(b) cannot be rigidly applied but must yield to the practicalities of the particular case. *See Keweenaw Bay Indian Community v. Michigan,* 11 F.3d 1341, 1346 (6th Cir.1993) ("The rule is not to be applied in a rigid manner but should instead be governed by the practicalities of the individual case.") (citation omitted); *see also Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118–19, 88 S.Ct. 733, 742–43, 19 L.Ed.2d 936 (1968) ("Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be deter-

mined in the context of particular litigation.").

Therefore, because the court finds that Almarie Taylor is an indispensable party under *Boulevard Bank*, and because the claimant has failed to join Almarie as a party after the court ordered her to do so, the present claim must be dismissed with prejudice, pursuant to the rule announced in *Sladek*.

## B. Merits of the Plaintiff's Claim

■ Even had the court found, however, that Almarie Taylor, although a "necessary" party under Rule 19(a), was not an "indispensable" party pursuant to Rule 19(b), the ultimate result of the court's analysis—dismissal of the claim with prejudice—would not differ. The children of Almarie Taylor—Dujuan Mitchell, Deandre Mitchell, Lasheia Mitchell, and Latoya Evans—are statutorily entitled to CIB as the wage earner's stepchildren. Thus, as discussed below, even had the court disposed of the action on the merits rather than pursuant to the defendant's motion to dismiss, the claimant's petition nonetheless would have been denied.

Title 42, Section 402(d) of the Social Security Act, which provides the eligibility requirements for child's insurance benefits, states as follows:

> (1) Every child ... of an individual entitled to ... disability insurance benefits ..., if such child—
>
> . . . . .
>
> (C) was dependent upon such individual—
>
> . . . . .
>
> (iii) if such individual had a period of disability which continued until he became entitled to ... disability insurance benefits, ...
>
> shall be entitled to a child's insurance benefit for each month, beginning with—
>
> . . . . .
>
> (ii) in case of a child (as so defined) of an individual entitled to ... a disability insurance benefit, the first month throughout which such child is a child (as so defined) ...
>
> . . . . .

42 U.S.C. § 402(d)(1)(C) (1994); *see also* 20 C.F.R. § 404.350 (1995). Thus, a child's benefits begin the first full month in which the child is defined as a "child" of the DIB recipient under the Act. Under Section 416 of the Act, a "child" is defined as, *inter alia,* "a stepchild who has been such a stepchild *for not less than one year immediately preceding the day on which application for child's insurance benefits is filed.*" 42 U.S.C. § 416(e) (1994) (emphasis supplied); *see* 20 C.F.R. § 404.357 (1995). A child is the "stepchild" of the DIB recipient if the child's natural parent is married to the recipient, 20 C.F.R. § 404.357 (1995), and is dependent upon the stepfather pursuant to 42 U.S.C. § 402(d)(1)(C), *supra,* if "the child was living with or was receiving at least one-half of his support from such stepfather" at the time the DIB recipient became entitled to benefits. 42 U.S.C. § 402(d)(4) (1994); *see* 20 C.F.R. § 404.363(c) (1995).

Sam Taylor, the wage earner on whose record the child's insurance benefits are drawn, became eligible for DIB effective July 1990. The claimant, Mr. Taylor's ex-wife, began to receive CIB the same month on behalf of Mr. Taylor's natural children, Lucinda and Delisha. At the time his natural children began receiving CIB, Mr. Taylor was already living with his stepchildren, having married Almarie Taylor on June 2, 1990.

On July 30, 1991, Almarie filed a claim for child's insurance benefits on behalf of her children, and the SSA determined in October 1991 that the children became eligible for CIB as the wage earner's stepchildren effective June 1991. Tr. 49–50. Because Mr. Taylor and Almarie Taylor had married in June of 1990, and were still legally married in June of 1991, the children had been Mr. Taylor's stepchildren for one full year as required by 42 U.S.C. § 416(e) and 20 C.F.R. § 404.357. Moreover, the stepchildren were "dependent" on Mr. Taylor as required by 42 U.S.C. § 402(d)(1)(C)(iii), *supra,* and 20 C.F.R. § 404.363. Section 404.363 of the Code of Federal Regulations states:

> If you are the insured's stepchild, as defined in § 404.357, you are considered dependent upon him or her if you were either living with or receiving at least one-

half of your support from him or her at one of these times—

. . . . .

(c) If the insured had a period of disability that lasted until his or her ... entitlement to disability ... benefits, ... at the time the insured became entitled to benefits.

20 C.F.R. § 404.363 (1995).

Mr. Taylor had a period of disability that began January 24, 1990, and lasted until he became entitled to disability insurance benefits in July of 1990. Almarie Taylor's children—the stepchildren of Mr. Taylor—were living with the wage earner in July of 1990 when he became entitled to benefits. Tr. 4. Therefore, Almarie Taylor's children were entitled to CIB beginning with the first full month of the one-year anniversary of Almarie's marriage to Mr. Taylor, which was also the one-year anniversary of their becoming Mr. Taylor's stepchildren. 20 C.F.R. § 404.357. The fact that the stepchildren did not live with Mr. Taylor for an entire year, or during June of 1991 (the month in which the SSA and the Appeals Council determined their entitlement began), is irrelevant for purposes of determining eligibility for CIB. Neither the Social Security Act nor the Social Security regulations, codified in the Code of Federal Regulations, require that the stepchildren "live with" the insured for a full year or at the time they become entitled to benefits.

Additionally, the fact that Mr. Taylor subsequently obtained a divorce from Almarie Taylor does not affect his stepchildren's continued entitlement to CIB. Divorce is not a terminating event under the Act or its regulations. Finally, the fact that Mr. Taylor did not provide direct financial assistance to his stepchildren during the time he was living with them is also irrelevant to their entitlement. The Social Security Act requires that stepchildren either live with the insured at the time he becomes eligible for benefits *or* that they receive at least one-half of their support from him. 42 U.S.C. § 402(d)(4) (1994); *see* 20 C.F.R. § 404.363(c) (1995). It does not require both circumstances.

The essence of the claimant's complaint seems to be that, considering the short time Mr. Taylor lived with his stepchildren, the law unfairly "penalizes" Mr. Taylor's natural children by causing a reduction in their benefit amounts. *See* Tr. 7, 37, 51, 56, 58, 64. Be that as it may, neither the Social Security Act nor its regulations include a provision whereby this court—or, for that matter, the SSA, an ALJ, or the Appeals Council—may modify the result in a particular case to obtain what some perceive to be a subjectively fair outcome.

### CONCLUSION

For the foregoing reasons, the plaintiff's complaint is **DISMISSED WITH PREJUDICE. IT IS SO ORDERED.**