**PROMATEK INDUSTRIES, LTD., a foreign corporation, Plaintiff,**

v.

**EQUITRAC CORPORATION, a Florida corporation, New Age Hydro Development, Ltd., d/b/a Infortext Group, a foreign corporation, and Chris Wyszkowski, an individual, Defendants.**

No. 98 C 3810.

United States District Court,
N.D. Illinois,
Eastern Division.

March 8, 1999.

John Peter Maniatis, James Kenneth Borcia, Tressler, Soderstrom, Maloney & Priess, Chicago, IL, for Promatek Industries Ltd., a foreign corporation.

George N. Vurdelja, Jr., Griswold L Ware, John M. Heaphy, Jr., Vurdelja & Heaphy, Chicago, IL, for Equitrac Corporation, a Florida corporation.

## *MEMORANDUM OPINION AND ORDER*

GETTLEMAN, District Judge.

Plaintiff Promatek Industries Ltd. has filed a nine-count amended complaint against defendants Equitrac Corporation ("Equitrac"), New Age Hydro Development, Ltd. d/b/a/ Infortext Group, and Chris Wyszkowski, alleging antitrust violations and deceptive trade practices. Specifically, plaintiff alleges violations of the Clayton and Sherman Act (Counts I, II, and III), defamation (Count IV), a violation of Illinois' Uniform Deceptive Trade Practices Act (Count V), a violation of Illinois' Consumer Fraud and Deceptive Business Practices Act (Count VI), tortious interference with business relationships (Count VII), unfair competition (Count VIII), and misappropriation of trade secrets (Count IX). On November 5, 1998, defendant Equitrac[1] filed a motion to dismiss and to strike certain allegations pursuant to a number of sections of Fed.R.Civ.P. 12.

---

1. The remaining defendants apparently have not been served with process, and none has filed an appearance.

## FACTS

Plaintiff Promatek and defendant Equitrac are in the same business. Both companies manufacture and sell cost-recovery systems, systems to facilitate billing clients for photocopying, faxing, and other similar services. Plaintiff alleges that between 1992 and 1994, Equitrac purchased other vendors of cost recovery systems until it owned approximately 50% of the United States market. On May 10, 1995, Equitrac's president and CEO, George Wilson ("Wilson"), invited one of Promatek's independent dealers, Control Systems, Inc. ("CSI"), to attend a meeting with other cost recovery providers. Plaintiff alleges that the meeting was an attempt by Wilson to "reach a consensus on pricing," and was therefore anticompetitive in nature. In March 1996, Equitrac purchased IP Development Corporation ("IPDC"). That same month, Equitrac purchased ISI, Inc. d/b/a/ Infortext ("ISI"), giving it approximately 80% of the United States market. Promatek/CSI hold the remaining 20% of the market.

Plaintiff further alleges that Ward Evans, a former employee of CSI who was subsequently hired by Equitrac, shared certain of plaintiff's trade secrets with Equitrac. According to plaintiff, Evans gleaned ideas for certain devices from CSI and learned certain concepts from plaintiff and then used this information to obtain two Canadian patents for Equitrac. Evans and Wyszkowski are listed as inventors of the patents, IPDC is listed as the owner of the patents, and Equitrac is listed as the patents' exclusive licensee. Equitrac has filed a patent infringement suit against plaintiff in Canadian court for certain conduct not recounted in the complaint.

Plaintiff states that Equitrac is engaging in a number of deceptive trade practices, including: (1) misrepresenting plaintiff's products and services by alleging that they are of low quality; (2) falsely representing the capabilities of plaintiff's products and of Equitrac's own products; (3) falsely representing plaintiff's financial stability. According-

ing to plaintiff, Equitrac has encouraged plaintiff's customers to terminate their contracts with plaintiff and its distributors.

## DISCUSSION

### I. Motion to Dismiss For Failure to Join CSI

■ Equitrac moves to dismiss the complaint under Rule 12(b)(7) for failure to join "indispensable" parties under Rule 19.[2] According to Equitrac, CSI is an indispensable plaintiff because it is a distributor of plaintiff's products in the United States, and therefore its interests and plaintiff's are identical. Equitrac also argues that if CSI is not joined and plaintiff obtains a judgment against Equitrac, CSI may bring collateral litigation and obtain a different result. Plaintiff notes in response that Equitrac does not engage in the proper Rule 19 analysis.

■ The court notes that defendant also has not engaged in the proper procedures for joining a nonparty under Rule 19. According to Rule 19, if a party "should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. . . ." Under this rule, a defendant who wants to join an absent party as a plaintiff must first ask the absent party. *See Independent Wireless Telegraph Co. v. Radio Corp. of America,* 269 U.S. 459, 473, 46 S.Ct. 166, 70 L.Ed. 357 (1926) ("The owner beyond the reach of process may be made coplaintiff by the licensee, *but not until after he has been requested to become such voluntarily.*"); 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1605 (2d ed.1986) (hereinafter Wright & Miller) (emphasis added). Moreover, courts have interpreted narrowly the rule's mandate that a party may be joined as an involuntary plaintiff only in "a proper case." *See Eikel v. States Marine Lines, Inc.,* 473 F.2d 959, 962 (5th Cir.1973) ("The 'proper case' is meant to cover only those instances where the absent party has either a

---

**2.** The Rule 19 analysis no longer begins with the question of whether a nonparty is indispensable. See *Moore v. Ashland Oil, Inc.,* 901 F.2d 1445, 1446 (7th Cir.1990) ("Only if it has been determined that the action cannot proceed in the absence of those persons will the label 'indispensable' be applied to them."). The initial question under Rule 19 is whether the nonparty should be joined if feasible.

duty to allow the plaintiff to use his name in the action or some sort of an obligation to join plaintiff in the action."); Wright & Miller § 1606. "The Rule clearly does not mean that whenever an absent party is properly alignable as a plaintiff in a lawsuit, he should be brought in under Rule 19(a) as an 'involuntary plaintiff.'" *Eikel*, 473 F.2d at 962.

■ To add a recalcitrant nonparty subject to the court's jurisdiction, the absent party should be served with process and made a defendant. The new party should then be realigned as a plaintiff, assuming it has the same interest in the dispute as the original plaintiff. *See Independent Wireless*, 269 U.S. at 468, 46 S.Ct. 166 ("If the owner of a patent, being within the jurisdiction, refuses or is unable to join an exclusive licensee as coplaintiff, the licensee may make him a party defendant by process, and he will be lined up by the court in the party character which he should assume."); *Grantham v. McGraw–Edison Co.*, 444 F.2d 210, 215 (7th Cir.1971) (discussing *Independent Wireless*), overruled on other grounds by *Otis v. City of Chicago*, 29 .F.3d 1159 (7th Cir.1994); 7 Wright & Miller § 1605.

■ Although defendant has not followed the proper procedures for joining a nonparty, the court will nevertheless analyze the potential joinder of CSI under Rule 19. The purpose of Rule 19 is to allow the joinder of all materially interested parties "so as to protect interested parties and avoid waste of judicial resources." *Moore*, 901 F.2d at 1446. Under Rule 19(a), the court must first determine whether a certain party should be joined if feasible; if joinder of the party would deprive the court of jurisdiction, the court must examine the four factors set forth in Rule 19(b). *Id.* at 1447. The court need not reach the question of whether a party is indispensable under Rule 19(b) if joinder of that party would not destroy federal jurisdiction. Because plaintiff's antitrust claims arise under federal law, the court's jurisdiction does not depend on the diversity of the parties, and therefore the court need only analyze joinder under Rule 19(a).

Under Rule 19(a), the court must assess whether CSI "claims an interest relating to the subject of the action" such that failure to join CSI may, "(i) as a practical matter impair or impede [CSI's] abilities to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

■ Equitrac essentially argues that if CSI is not joined, CSI may subsequently bring suit against Equitrac, and may obtain a different and inconsistent type of injunctive relief. Equitrac does not explain how CSI, an independent dealer of Promatek products, might bring any or all of the nine claims Promatek has brought. From the facts currently before the court, CSI would not be able to bring the defamation claim or most of the deceptive business practices claims. It is possible, though, that CSI might be able to bring antitrust claims against Equitrac.

Equitrac cites two cases in support of its Rule 19 motion, *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445 (7th Cir.1990), and *Blacks v. Mosley Machinery Co., Inc.*, 57 F.R.D. 503 (E.D.Pa.1972). *Moore* is inapposite because it addresses indispensable parties under Rule 19(b), not Rule 19(a), which is applicable to this case. *Blacks* held, without much analysis, that an insurance company should be joined as an involuntary plaintiff because its interests were identical to those of the insured employee. As the court noted above, a nonparty can be joined as an involuntary plaintiff only when it is not subject to the court's jurisdiction. Moreover, this court has rejected the argument that a third party should be joined as a defendant merely because its interests were nearly identical to those of the defendant. *See North Shore Gas Co. v. Salomon, Inc.*, 896 F.Supp. 786, 790 (N.D.Ill.1995), *aff'd*, 152 F.3d 642 (7th Cir.1998). This court reasoned that due to the identity of interests, the defendant had the incentive and ability to litigate for the third party. *See id.; see also North Shore Gas Co.*, 152 F.3d at 648 ("Because [the defendant's] 'motives and ability to defend' mirror that of [the third party], there is no risk that [the third party] will be unfairly prejudiced."); *Pujol v. Shearson/American Express, Inc.*, 877 F.2d 132, 135 (1st Cir.

1989) (holding that a defendant need not join its subsidiary because its motives and ability to defend the subsidiary did not differ from its motives and ability to defend itself).

Moreover, although the language of Equitrac's argument suggests that it is based on Rule 19(a)(2)(ii), this section applies only if the absent party "claims an interest relating to the subject of the action." Neither party suggests that CSI has claimed any interest in this litigation. It is unclear, therefore, how Equitrac will incur "inconsistent obligations by reason of the claimed interest." *See, e.g., In re Forty–Eight Insulations, Inc.,* 109 B.R. 315, 320 (N.D.Ill.1989) ("Under Rule 19, . . . a necessary party need not file a separate suit; it need only claim an interest relating to the subject of the litigation."); *McKesson Corp. v. Whirl–Air–Flow,* 1987 WL 8615, *3 (N.D.Ill. Mar. 24, 1987) ("The flaw in Defendants' argument is apparent. Defendants nowhere establish that [the third party] 'claims an interest. . . .' Although Defendants express a fear that they will be subjected to inconsistent obligations in the absence of the third party's joinder, Defendants do not explain how these inconsistent obligations will occur 'by reason of [the third party's] claimed interest.' "). Equitrac's motion to dismiss for failure to join CSI as a plaintiff is denied.

## II. Motion to Dismiss Alleged Patent Infringement Claims

Equitrac moves to dismiss Counts I, II, III, VIII, and IX, claiming that this court does not have subject matter jurisdiction over these counts under Rule 12(b)(1). According to Equitrac, these five counts depend on the question of whether Equitrac infringed certain of plaintiff's patents, the issue that is currently pending before the Canadian court. Equitrac also argues (for the first time in its reply) that what Equitrac characterizes as allegations of patent infringement, in Count IX and elsewhere, should be stricken as immaterial and scandalous under Rule 12(f).

■ The court finds that plaintiff's antitrust claims are dependent, at least in part, on the invalidity of the Canadian patents, an issue over which the Canadian court has jurisdiction and has yet to decide. The court therefore strikes from ¶¶ 22, 23, and 36, and all other allegations that the patents were invalid, and directs plaintiff to amend the complaint accordingly.

The court declines to strike or dismiss Counts VIII and IX, however. Nothing in Count VIII suggests that it hinges on, or even relates to, the validity of Equitrac's patents. Count IX, which alleges that Equitrac misappropriated plaintiff's trade secrets, likewise does not require the court to determine whether or not Equitrac infringed plaintiff's patents, because Equitrac could be liable for appropriating plaintiff's trade secrets whether or not the patents are valid.

## III. Motion to Dismiss For Failure to Join Evans and IPDC

Equitrac insists that Evans and IPDC are indispensable defendants because Evans invented the patents and IPDC is the patents' owner. Equitrac argues that a patent owner is a necessary party in patent infringement proceedings, citing *Agrashell, Inc. v. Hammons Products Co.,* 352 F.2d 443 (8th Cir. 1965). *Agrashell* stands for the proposition that "[o]wnership of the patent is a prerequisite to the right to sue for infringement." *Mabbett v. Tandy Corp.,* 847 F.2d 841, 1988 WL 30045 (Fed.Cir.). Plaintiff responds that it has not brought a claim for patent infringement, and that its claim for misappropriation of trade secrets (Count IX) would stand even if the patents were valid under Canadian law. The court has stricken plaintiff's references to patent infringement and holds that plaintiff cannot claim patent infringement in the present suit. Because none of plaintiff's claims depends on the question of whether the patents allegedly owned by IPDC and invented by Evans infringed some preexisting patent of plaintiffs, the inventor and owner of Equitrac's patents are not parties who must be joined. Equitrac's motion to dismiss for failure to join Evans and IPDC is denied.

## IV. Motion to Strike Alleged Price Fixing Claims

■ Equitrac also moves to strike what Equitrac characterizes as allegations of price

fixing. Equitrac does not identify the procedural rule upon which this motion is based. Plaintiff responds that not only does it not allege price fixing in the complaint, but that the complaint clearly states that any attempt at price fixing was unsuccessful. In its reply brief, Equitrac invokes Rule 12(f) and argues that if plaintiff is not pursuing a price fixing claim, plaintiff should remove all references to price fixing from its complaint. Plaintiff suggests that Equitrac attempted to engage in price fixing to support its claim that Equitrac acquired monopoly power through deceptive and anti-competitive practices. Such references to attempted price fixing are therefore neither immaterial nor scandalous. The court denies Equitrac's motion to strike references to price fixing from the amended complaint.

## V. Motion to Dismiss Counts IV–VII

Equitrac moves to dismiss Counts IV, V, VI, and VII.[3] Equitrac identifies deficiencies in only two of these counts. Equitrac argues that plaintiffs have pled only two instances of defamation with particularity in Count IV. Equitrac appears to believe that plaintiff has other defamation claims that it has not pled with particularity. Plaintiff does not suggest in its complaint or in its response that Count IV alleges any additional instances of defamation. The court therefore denies Equitrac's motion with respect to Count IV.

■ Equitrac argues that Count VII does not state a claim for tortious interference with business expectancy. The elements of this tort are: "(1) existence of a valued business relationship or expectancy; (2) interferer's knowledge of the relationship or expectancy; (3) intentional interference causing breach o[r] termination; and (4) damage to the plaintiff." *River Park, Inc. v. City of Highland Park*, 281 Ill.App.3d 154, 217 Ill. Dec. 410, 418, 667 N.E.2d 499 (1996). Although Equitrac admits that plaintiff's general allegation of lost business is sufficient to state a claim, Equitrac insists that plaintiff cannot prove that it suffered injury, the

fourth element, as a result of the two specific communications on which the defamation claim is based. Equitrac gives no explanation for its apparent contention that plaintiff's Count VII is based on the two specific incidents identified in Count IV. Plaintiff contends in its response that its claim for interference with business expectancy does not rest on these two incidents.

■ Under the Federal Rules of Civil Procedure's venerable system of notice pleading, plaintiff need not allege that it had a reasonable expectation of a business relationship with a specific third party or class of third parties. *See Cook v. Winfrey*, 141 F.3d 322, 327–28 (7th Cir.1998); *see also River Park*, 217 Ill.Dec. at 418, 667 N.E.2d 499 (holding that a plaintiff need not allege that he had a business expectancy with a specific party, but may identify a class of third persons with whom he expected to do business). Plaintiff could prove a set of facts consistent with his complaint that would entitle him to relief. The court denies Equitrac's motion to dismiss Count VII. The court also denies the motion with respect to Counts V and VI, because defendant does not provide any argument in support of its motion to dismiss these two counts.

## VI. Count III

Count III is entitled "Violation of the Clayton Act," but merely repeats Sherman Act violations. The court strikes Count III on its own motion for failure to state a claim.

## CONCLUSION

The court denies defendant's motion to dismiss for failure to join CSI, Evans, and IPDC. Defendant's motion to dismiss Counts IV–VII is likewise denied. The court denies defendant's motion to strike the alleged price fixing claims from the complaint, but grants defendant's motion to strike all patent infringement allegations and all allegations that defendant's patents are invalid. Finally, the court strikes Count III for failure to state a claim.

---

**3.** Because Equitrac does not identify which specific section of Rule 12(b) this part of its motion is based on, and does not specify what it wants the court to do with Counts IV, V, VI, and VII, the court assumes that Equitrac moves to dismiss these four counts under Rule 12(b)(6) for failure to state a claim.

Plaintiff is directed to file a second amended complaint by April 5, 1999. This matter is set for a report on status April 13, 1999.