Erin T. WASHICHECK, Plaintiff,

v.

THE ULTIMATE LTD. and The Ultimate Ltd. Health Plan, Defendants.

No. 05–C–302–S.

United States District Court,
W.D. Wisconsin.

Nov. 10, 2005.

Douglas P. Dehler, Milwaukee, WI, for Plaintiff.

Kenneth R. Sipsma, Sipsma, Hahn & Brophy, LLC, Madison, WI, for Defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Erin T. Washicheck commenced this action against defendants The Ultimate Ltd. and The Ultimate Ltd. Health Plan alleging estoppel and seeking an award of damages and benefits allegedly due under a COBRA health insurance plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). The matter is presently before the Court on defendants' motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and failure to join necessary and indispensable parties pursuant to Rules 12(b)(7) and 19. The following facts are those most favorable to plaintiff.

## BACKGROUND

Plaintiff Erin T. Washicheck was employed by defendant The Ultimate Ltd. (hereinafter The Ultimate) for approximately 21 months. She voluntarily left her employment with defendant on or about December 28, 2002.

On or about January 1, 2003 plaintiff received a notice of right to continue coverage from defendant The Ultimate. The notice stated in relevant part:

Your group medical...insurance terminated on 12–31–02, under the Consolidated Omnibus Budget Reconciliation Act of 1985, a covered employee has the right to continue health insurance if they are eligible under on[e] of the qualifying events:

1. Your employment is terminated for reasons other than misconduct on the job.

The medical...coverage for an employee can be continued for up to 18 months....The coverage for anyone on continuation will terminate if:

1. The individual on continuation fails to pay the required premium.

The premium for the medical...coverage [is] as follows: Feb. '03—Jan. '04 $201.32 (Single Medical) [p]rior to Feb '03 $166.25

[In] order to continue present coverage under the group policy you will need to mail premium payments on a monthly basis to the address listed below.

EMPLOYER'S NAME: The Ultimate Spa Salon

EMPLOYER'S ADDRESS: 5713 Monona Drive

Monona WI 53716

You have 60 days from the date of this notification, or the date your coverage ends, (whichever is later) to elect to continue coverage. If you do not respond within that period, you will forfeit all rights to continue or convert your group health insurance. Your first premium must be received within 45 days of the date you elect the continuation. All subsequent premium payments must be received by the end of the coverage month.

Plaintiff elected to continue her medical coverage on or about January 5, 2003 and submitted her January premium to defendant The Ultimate on February 3, 2003.

Plaintiff continued to submit her COBRA premium payments to defendant The Ultimate without issue for approximately seven months. Defendant received the premium payments on the following dates: (1) February's premium on March 4, 2003; (2) March and April's premiums on April 30, 2003; (3) May's premium on June 9, 2003; (4) June's premium on July 14, 2003; (5) July's premium on August 13, 2003; and (6) August's premium on September 15, 2003. Defendant accepted each premium payment submitted

552

by plaintiff. Additionally, pursuant to provisions of COBRA plaintiff had an additional 30 day grace period in which to submit her premium payments. *See* 29 U.S.C. § 1162(2)(C).

On September 4, 2003 plaintiff underwent surgery. Before her surgery she obtained pre-authorization for the procedure as was required by the terms of the plan. On October 14, 2003 plaintiff attempted to submit her September premium payment to defendant The Ultimate. However, defendant rejected that payment. Additionally, defendants refused to pay any portion of plaintiff's medical expenses associated with her surgery. Further, defendants terminated plaintiff's coverage effective August 30, 2003. The total amount of expenses plaintiff incurred as a result of her surgery was approximately $22,342.00.

Plaintiff appealed defendants' denial of coverage and ultimately complained to the United States Department of Labor. However, by letter dated July 29, 2004 the Department of Labor rejected plaintiff's complaint. The letter stated in relevant part:

The initial COBRA premium payment must be made within 45 days after the date of the COBRA election by the qualified beneficiary. Payment generally must cover the period of coverage from the date of COBRA election retroactive to the date of the loss of coverage due to the qualifying event. *Premiums for successive periods of coverage are due on the date stated by the Plan,* with a minimum 30–day grace period for payments. If payment is not submitted within the grace period, coverage may be terminated permanently. If premiums are not paid by the first day of the period of coverage, the plan has the option to cancel coverage until payment is received and then reinstate the coverage retroactively to the beginning of the period of coverage.

Our office contacted Ultimate Spa Salon and spoke with Debbie Offerdahl and Bonnie Beer who both stated that they explained to Ms. Shea, on numerous occasions, that COBRA payments are due on the 1st of every month. They further indicated that Ms. Shea's payments were late every month. Acting in good faith the plan administrator continued to accept Ms. Shea's late payments, until September 2003. Ms. Offerdahl further advised that Ms. Shea should have received a copy, and had online access to, the summary plan description (SPD). A copy of page 21 of the SPD is enclosed for your review. Please note that the SPD clearly states that premium payments are due by the 1st of the month of coverage.

Page 21 of the SPD referred to by the Department of Labor stated in relevant part:

Billing

Physicians Plus will send you a copy of your itemized billing invoice around the 15th of each month. These billing invoices will show the amount due for the following month's coverage. The full amount is due by the 1st of the month of coverage.

**Late Payments & Termination Due to Nonpayment of Premium**

If we have not received your premium payment by the 1st of the month of coverage, we will send you a past due letter on the 10th of that month. If we still have not received premium payment by the end of the month of coverage, we will send you a termination letter confirming our record of your termination, along with the Employee Policy Termination Notice. Wisconsin Statutes require you to distribute that notice to your employees.

**To Pay the Bill**

To pay your bill, return the remittance page along with your check to:

Physicians Plus Insurance Corporation

P.O. Box 3057

Milwaukee, WI 53201–3057

Plaintiff never received a copy of the SPD referenced by the Department of Labor and after it rejected her complaint she repeatedly requested a copy of it from defendants. However, defendants never submitted a copy to plaintiff.

## MEMORANDUM

Defendants argue plaintiff's complaint fails to state a claim because plaintiff's COBRA health care benefits were terminated as a result of her failure to submit her premium payments in a timely manner. Accordingly, defendants argue she is not entitled to recovery under any set of facts. Additionally, defendants argue The Murphy Insurance Group and Physician Plus Insurance Corporation are necessary and indispensable parties because they are the parties responsible for administering summary plan descriptions and benefits. Plaintiff argues her complaint does state a claim because the plain language of the COBRA notice she received supports the conclusion that she paid her premiums within the grace period. Additionally, she argues The Murphy Insurance Group and Physicians Plus Insurance Corporation are not necessary and indispensable parties because defendants failed to present any evidence indicating they are the parties responsible for administering the COBRA health insurance plan.

■ As an initial matter, when a party files a motion to dismiss asserting failure to state a claim and it submits matters outside the pleadings to the court "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). Defendants submitted and relied upon the affidavits of Debra R. Offerdahl and Kenneth R. Sipsma in support of their motion to dismiss. These affidavits are outside the pleadings and are sufficient for the Court to decide the motion at this time. Accordingly, the Court will treat defendants' motion to dismiss as a motion for summary judgment pursuant to Rule 56.

Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material only if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Disputes over unnecessary or irrelevant facts will not preclude summary judgment. *Id.* Further, a factual issue is genuine only if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Id.*

To determine whether there is a genuine issue of material fact courts construe all facts in the light most favorable to the non-moving party. *Heft v. Moore,* 351 F.3d 278, 282 (7th Cir.2003) (citations omitted). Additionally, a court draws all reasonable inferences in favor of that party. *Id.* However, the non-movant must set forth "specific facts showing that there is a genuine issue for trial" which requires more than "just speculation or conclusory statements." *Id.* at 283 (citations omitted).

■ Defendants argue plaintiff is not entitled to relief because she paid her premiums late which resulted in termination of her COBRA coverage. However, two exhibits submitted by defendants contradict their position. Exhibit one attached to Debra R. Offerdahl's affidavit is a copy of the COBRA notice defendant The Ultimate sent to plaintiff. The notice states: "[y]our first premium must be received within 45 days of the date you elect the continuation. All subsequent premium payments must be received by the *end of the coverage month*" (emphasis added).

Additionally, exhibit two attached to Debra R. Offerdahl's affidavit explains provisions of plaintiff's COBRA health care coverage. On page five it answers the question "[w]hen are premiums paid?" by indicating "[a] grace period of 30 days applies to all subsequent premium payments."

When the exhibits are viewed together in the light most favorable to plaintiff they demonstrate the latest possible date plaintiff could submit her premiums in a timely fashion. For example, as outlined in exhibit one November's premium would be due on November 30 because that is the end of the coverage month. However, because of the 30 day grace period outlined in exhibit two

plaintiff could submit November's premium on December 30 and it would be considered timely. Accordingly, if the exhibits do not conclusively demonstrate plaintiff submitted her premium payments within the time allowed by the grace period they at a minimum raise a genuine issue of material fact as to whether defendants had justification to terminate her COBRA coverage.

Defendants also argue The Murphy Insurance Group and Physicians Plus Insurance Corporation are necessary and indispensable parties pursuant to Rule 19 because they are responsible for administering summary plan descriptions and benefits. Accordingly, defendants argue plaintiff's complaint should be dismissed because she did not join all requisite parties.

Rule 19 provides a bifurcated analysis. First, a court must determine if a person is a necessary party. A person is necessary if: (1) in the person's absence a court cannot accord complete relief to those already parties; or (2) the person claims an interest relating to the subject of the action and disposition in their absence may impair their ability to protect that interest or leave any of those already parties subject to a substantial risk of incurring multiple or inconsistent obligations. Fed.R.Civ.P. 19(a). If a court deems a party necessary, it should be joined if feasible. *Id.*

However, if the party cannot be joined the court shall determine whether "in equity and good conscience the action should proceed among the parties before it," or if it should be dismissed because the absent party is indispensable. Fed.R.Civ.P. 19(b).

The factors a court considers when it determines whether a party is indispensable are: (1) to what extent a judgment rendered in the party's absence may be prejudicial to the party or those already parties to the action; (2) the extent to which the judgment can be shaped to lessen or avoid prejudice; (3) whether the judgment rendered in the party's absence will be adequate; and (4) whether plaintiff will have an adequate remedy if the court dismisses the action. *Id.*

The purpose of Rule 19 is to allow for joinder of all "materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Davis Cos. v. Emerald Casino, Inc.,* 268 F.3d 477, 481 (7th Cir.2001) (*quoting Moore v. Ashland Oil, Inc.,* 901 F.2d 1445, 1447 (7th Cir.1990)). However, each inquiry under Rule 19 is fact specific and a court must apply its factors in a practical and equitable manner to avoid harsh results of rigid application. *United States ex rel. Hall v. Tribal Dev. Corp.,* 100 F.3d 476, 481 (7th Cir.1996) (citations omitted). Further, the moving party has the burden of persuasion when it argues for dismissal pursuant to Rule 19. *Southeastern Sheet Metal Joint Apprenticeship Training Fund v. Barsuli,* 950 F.Supp. 1406, 1414 (E.D.Wis.1997) (*citing Cassidy v. United States,* 875 F.Supp. 1438, 1443 (E.D.Wash.1994)). Defendants are unable to meet this burden.

As a threshold matter defendants cannot demonstrate the parties are necessary. First, defendants brief provides the Court with a substantial outline of the law regarding Rule 19. However, aside from outlining applicable law defendants do not provide the Court with any evidence supporting their position. None of the affidavits or exhibits submitted by defendants demonstrate the missing parties are necessary. Defendants simply rely on conclusory statements to support their position. Defendants cannot rely on conclusory allegations alone to meet their heavy burden of persuasion. *See Southeastern Sheet Metal,* at 1414.

Additionally, it is well established that a claim for benefits under an ERISA plan should normally be brought against the plan. *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1490 (7th Cir.1996). Plaintiff's complaint seeks benefits allegedly due pursuant to her COBRA coverage which is governed by ERISA. Plaintiff names the plan itself as a defendant. Accordingly, plaintiff brought her action against the necessary party.

Having reviewed the evidence in the light most favorable to plaintiff there remain genuine issues of fact such that a reasonable fact finder could return a verdict for plaintiff. Additionally, defendants did not meet their

burden of demonstrating plaintiff failed to join a necessary party. Accordingly, defendants motion must be denied.

## ORDER

IT IS ORDERED that defendants' motion to dismiss is DENIED.